MICHAEL NEVERS *v.* MONIQUE VAN ZUILEN ET AL.
(AC 15778)

Schaller, Hennessy and Dranginis, Js.

Argued February 25—officially released September 30, 1997

*Steven P. Kulas*, for the appellant (plaintiff).

*Suzannah Nigro*, with whom, on the brief, were *Lawrence F. Reilly* and *Michael P. Bowler*, for the appellee (named defendant).

*Opinion*

DRANGINIS, J. The plaintiff appeals from the judgment of the trial court rendered on a jury verdict in favor of the defendant.[1] The underlying cause of action arose from an automobile accident in which the plaintiff sustained personal injuries. The contested issue of fact was whether the plaintiff or the defendant was the operator of the vehicle when it crashed into a bridge abutment. On appeal, the plaintiff claims that the trial court improperly (1) failed to declare a mistrial upon the misconduct of defense counsel during cross-examination of the plaintiff and final arguments, (2) failed to give a *Secondino*[2] charge, (3) instructed the defendant on how to testify,[3] and (4) admitted hearsay evidence contained in a medical report as to the identity of the

---

[1] There were two defendants named in this action, Monique Van Zuilen and Corporate Landscaping, Inc. At the conclusion of the plaintiff's case, the trial court directed a verdict in favor of Corporate Landscaping, Inc. Corporate Landscaping, Inc., is not a party to this appeal. All references in this opinion to the defendant are to Van Zuilen.

[2] *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 675, 165 A.2d 598 (1960).

[3] This evidentiary issue was not preserved at trial, is not of constitutional magnitude and does not affect the fairness of the trial. We, thus, decline to review it. See Practice Book § 4061; *State* v. *Robinson*, 227 Conn. 711, 739–41, 741 n.22, 631 A.2d 288 (1993).

motor vehicle driver.[4] We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On July 15, 1989, the defendant borrowed her father's car to drive from her home in Windsor to Beacon Falls in order to spend the evening with her then boyfriend, the plaintiff. The defendant was seventeen years old, and the plaintiff was twenty-two years old. On that evening, the plaintiff was wearing a white leather jacket. The plaintiff and the defendant, accompanied by a male friend, went to a liquor store, where one of the males bought a case of beer. They drank the beer at a variety of nearby locations. When their supply of beer was exhausted, another friend gave them more beer and a bottle of champagne, which they also consumed.

The defendant allowed the plaintiff to drive the vehicle due to her intoxication and her lack of familiarity with the area. As the plaintiff made his way to his home, he lost control of the vehicle and crashed. The defendant was found in the passenger's seat and had to be extricated from the vehicle. The plaintiff was found on the porch of a nearby home by the state trooper investigating the crash, Jose Trujillo.

At the accident scene, the plaintiff and the defendant were consistent in their statements that the plaintiff had been the driver of the automobile. Trujillo, however, did not observe injuries to the plaintiff that would have been consistent with the driver having hit the steering wheel, and he saw a white leather jacket in the driver's seat that he assumed belonged to a female. Thus, Trujillo was not convinced that the plaintiff was the driver.

[4] The defendant also argues that the plaintiff's brief is fatally flawed in that there are no references to the transcript. See Practice Book § 4065 (d). We conclude, however, that the defendant's brief, in conjunction with the attachments to the plaintiff's brief, presents adequate references to the transcript to permit appellate review.

In an attempt to discover the truth, Trujillo lied to the defendant and told her that the plaintiff had said that it was the defendant who was the driver. Knowing that the plaintiff had had some difficulties with the law, and wanting to protect him, the defendant said that she was the driver. That statement to Trujillo was the only statement the defendant made indicating that she was the operator of the vehicle.

After a jury trial, a verdict was returned in favor of the defendant. The plaintiff filed a motion to set aside the verdict and, after a full hearing, the trial court denied the motion. This appeal followed.

I

The plaintiff first claims that the trial court improperly failed to declare a mistrial as a result of defense counsel's continual references to the plaintiff as a felon during both cross-examination and final arguments. The plaintiff further argues that defense counsel's pervasive misconduct deprived him of a fair trial, and, thus, the trial court improperly denied his motion to set aside the verdict. We disagree.

Certain additional facts are necessary to our resolution of this claim. At trial, defense counsel asked the defendant whether she had told Trujillo that she had been driving the automobile at the time of the accident. The defendant answered in the affirmative. When asked why she had said that, the defendant responded that she had wanted to protect the plaintiff, "because he'd get in trouble because he had a [conviction for driving while intoxicated]." The plaintiff objected to that testimony on the grounds of relevancy and prejudice. Outside the presence of the jury, the court held a hearing on the admissibility of the testimony. At the conclusion of the hearing, the trial court ruled that the defendant could testify in front of the jury that the plaintiff had told her that his motor vehicle record was such that it

would get him into trouble if he was found to be the operator of the car, but that she could not testify with respect to his specific prior arrest for operating a motor vehicle while under the influence of intoxicating liquor or drugs.

Upon the return of the jurors to the courtroom, the trial court instructed them to disregard absolutely, not to consider and to strike from their minds all of the defendant's prior testimony regarding any previous conviction, record or specific charge, such as driving while intoxicated, related to the plaintiff. Defense counsel then asked the defendant why she had told Trujillo that she was the driver, and the defendant responded that it was "[b]ecause [she] thought that [the plaintiff] would be in more trouble than she would be in because of his past record and plus because [her] parents would be really upset if [she] let him drive."

During his cross-examination of the plaintiff, defense counsel asked him whether he was "aware that providing a minor with alcohol is a felony in Connecticut?" The plaintiff's objection to the question was sustained, and the trial court immediately gave the jury a curative instruction.[5]

Defense counsel also asked the plaintiff whether he had reported to the Internal Revenue Service certain cash income that he had earned while working in 1989. The plaintiff objected to that question. The trial court excused the jury and, after a hearing, overruled the objection and allowed the question, based on *Martyn* v. *Donlin*, 151 Conn. 402, 408, 198 A.2d 700 (1964), and the question's relevance to the witness' credibility and

---

[5] The trial court's curative instruction to the jury was as follows: "Ladies and gentlemen, I instruct you that the last couple of questions that were asked by counsel in connection with whether or not a crime was committed are to be disregarded by you and you may not consider them in your deliberations on this case and your consideration of this case."

veracity. Upon the jury's return, defense counsel once again asked the plaintiff whether he had reported the income to the Internal Revenue Service, and the plaintiff responded that he had not. At the conclusion of the plaintiff's case, the plaintiff moved for a mistrial based on defense counsel's improper questions.

Defense counsel referred to the plaintiff's admitted tax evasion in his final argument, stating that "[the defendant] lies on his tax returns. . . . He earns money in 1989, right at the time of the accident and admits to you, before the jury, admits in open court that he didn't report his income to the IRS . . . . So I submit to you that when you consider his testimony, you've really got to take it with a grain of salt." At the conclusion of defense counsel's closing argument, the plaintiff renewed his motion for a mistrial on the ground that defense counsel's accusation of criminal tax evasion by the plaintiff constituted prejudicial misconduct. The trial court denied the motion for a mistrial. The plaintiff reiterated his objections to defense counsel's improper questioning and arguments in his motion to set aside the verdict.

"The decision as to whether to grant a motion for a mistrial . . . is one that requires the trial court to exercise its judicial discretion. . . . Our review of the trial court's exercise of its discretion is limited to questions of whether the court correctly applied the law and could reasonably have concluded as it did. . . . Every reasonable presumption will be given in favor of the trial court's ruling. . . . It is only when an abuse of discretion is manifest or where an injustice appears to have been done that a reversal will result from the trial court's exercise of discretion." (Internal quotation marks omitted.) *State* v. *Lasky*, 43 Conn. App. 619, 635, 685 A.2d 336 (1996), cert. denied, 239 Conn. 959, 688 A.2d 328 (1997). The burden is on the plaintiff to establish that, in the context of the proceedings as a whole,

the questions and arguments were so prejudicial that they deprived him of a fair trial. See id., 636.

Applying this standard of review to the plaintiff's claim, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion for mistrial. First, the defendant's testimony that she told the state trooper she was the driver because she feared that the plaintiff would get into trouble because of his driving record was relevant to the defendant's state of mind at the time of the accident. See *State* v. *Brokaw*, 183 Conn. 29, 31–33, 438 A.2d 815 (1981). Moreover, any potential prejudice to the plaintiff resulting from the defendant's testimony was completely dissipated by the trial court's prompt delivery of a clear and concise curative instruction to the jury. See *State* v. *Jones*, 44 Conn. App. 338, 349–50, 689 A.2d 517 (1997). "In the absence of a clear indication to the contrary, [jurors] are presumed to follow the instructions that they are given." *State* v. *Guess*, 39 Conn. App. 224, 235, 665 A.2d 126, cert. denied, 235 Conn. 924, 666 A.2d 1187 (1995).

Second, the plaintiff immediately objected to defense counsel's question regarding whether the plaintiff was aware that providing alcohol to a minor was a felony, and the objection was sustained by the trial court. Once again, the court promptly gave a curative instruction,[6] and we must assume that the jurors followed the instructions that they were given. See *State* v. *Jones*, supra, 44 Conn. App. 349–50; *State* v. *Guess*, supra, 39 Conn. App. 235. "Even if the [question was] improper, as the trial court apparently decided [it was], the fact that the [question was] asked is not enough to deprive the defendant of a fair trial, particularly where the court gave an appropriate cautionary instruction to the jury." (Internal quotation marks omitted.) *State* v. *Lasky*, supra, 43 Conn. App. 636.

---

[6] See footnote 5.

Furthermore, the trial court did not abuse its discretion in permitting the testimony regarding the plaintiff's tax evasion. "To attack the credibility of a witness, inquiry may be made, in the discretion of the trial court, as to particular acts of misconduct tending to show a lack of veracity even though such evidence may be irrelevant to the issues in the case." *State* v. *Sharpe*, 195 Conn. 651, 658, 491 A.2d 345 (1985). Moreover, our Supreme Court has held that evidence regarding a witness' cheating on his income taxes has "a logical tendency to indicate a lack of veracity." Id.

Finally, in analyzing defense counsel's reference to the plaintiff's tax evasion in his closing argument, "we note that some leeway must be afforded to the advocates in offering arguments to the jury in final argument. [I]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument. . . . [W]e must review the comments complained of in the context of the entire trial." (Citations omitted; internal quotation marks omitted.) *State* v. *Hansen*, 39 Conn. App. 384, 395, 666 A.2d 421, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995).

Here, the trial court not only expressly found that defense counsel's remarks were insufficiently prejudicial to warrant a mistrial, it also concluded that they were not sufficiently prejudicial to require a curative instruction. The trial court's ruling "is entitled to weight because of the vantage point from which it can observe and evaluate the circumstances of the trial. The trial court is in a better position to determine the propriety of the remarks of counsel and whether or not they are harmful." *State* v. *Glenn*, 194 Conn. 483, 493, 481 A.2d 741 (1984).

Our review of the record, therefore, convinces us that in light of the proceedings as a whole, defense counsel's remark concerning the plaintiff's tax evasion was a brief and isolated incident that did not rise to the level of egregious misconduct and did not impact negatively on the fairness of the trial. See *State* v. *Lasky*, supra, 43 Conn. App. 629.

We conclude that the plaintiff has failed to establish that he was prejudiced by defense counsel's questions or isolated remarks during closing arguments, and that he failed to establish that the trial court abused its discretion in denying his motion for a mistrial.

II

The plaintiff next claims that the trial court improperly refused to give a *Secondino* jury instruction regarding the defendant's failure to produce Lisa Mongillo. We are unpersuaded.

At trial, the defendant testified that the plaintiff admitted in front of the defendant and a few of her friends that he was driving the car at the time of the accident. The defendant also testified that, on one occasion, the plaintiff jokingly commented to both the defendant and her friends that, because the defendant had told the trooper that she was driving, maybe he should sue her. When asked at trial who had heard these comments, the defendant listed Mongillo, a girl named Sandy, and the plaintiff's friend John. The defendant explained that she did not know where Sandy lived, and that although she thought Mongillo lived somewhere in Hartford, she was no longer in contact with her and did not know exactly where she lived.[7]

The trial court did not include a *Secondino* instruction concerning Mongillo in its jury charge. The plaintiff

[7] We note that Mongillo's identity was known by both the plaintiff and the defendant.

excepted to the jury charge and requested that the trial court give a *Secondino* charge regarding Mongillo. The trial court refused, explaining that the plaintiff had failed to prove that Mongillo was available.

"The well established *Secondino* rule provides that the failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause. . . . The party seeking the *Secondino* adverse inference instruction bears the burden of showing that he is entitled to it. . . . That party must demonstrate that the witness (1) is available, (2) is one whom the party would naturally produce, and (3) has material or substantial testimony that is not cumulative or inferior to that which was offered. . . . All of these requirements must be strictly complied with." (Citations omitted; internal quotation marks omitted.) *Martin* v. *Samulis*, 24 Conn. App. 85, 90–91, 585 A.2d 1255 (1991). "Whether an absent witness has superior or peculiar information and whether an adverse inference can be drawn is a question of fact for the trier. . . . This court cannot reverse or modify the trial court's determinations of fact unless they are clearly erroneous." (Internal quotation marks omitted.) *State* v. *Battle*, 39 Conn. App. 742, 746, 667 A.2d 1288 (1995), cert. denied, 237 Conn. 922, 676 A.2d 1375, cert. denied, 519 U.S. 955, 117 S. Ct. 373, 136 L. Ed. 2d 263 (1996).

"Before a negative inference can be drawn from a party's failure to produce a particular witness, it must be shown that the party was able to procure the witness' physical presence in court." *Shelnitz* v. *Greenberg*, 200 Conn. 58, 74–75, 509 A.2d 1023 (1986). The defendant testified that she was no longer in contact with Mongillo. The last the defendant heard was that Mongillo lived somewhere in Hartford, but the defendant did not

know where. This testimony falls far short of demonstrating that the defendant was able to procure Mongillo's physical presence in court. See id., 75–76. The plaintiff, thus, failed to prove that Mongillo was available.

Moreover, Mongillo's testimony would have been both cumulative and inferior to what was already offered at trial. All of the plaintiff's statements allegedly overheard by Mongillo were made in the defendant's presence and were testified to by the defendant at trial. Furthermore, there was evidence presented at trial that the plaintiff also admitted being the driver of the car to Trujillo as well as to emergency medical technicians and members of the hospital staff. "A prospective witness whose testimony would be comparatively unimportant, cumulative or inferior to what has been offered, should be dispensed with on the grounds of expense and inconvenience, without the need for an adverse inference charge." (Internal quotation marks omitted.) *State* v. *Battle*, supra, 39 Conn. App. 746; *Beverly* v. *State*, 44 Conn. App. 641, 650, 691 A.2d 1093 (1997); *State* v. *Owen*, 40 Conn. App. 132, 139, 669 A.2d 606, cert. denied, 236 Conn. 912, 673 A.2d 114, cert. denied, 237 Conn. 922, 676 A.2d 1376 (1996).

We conclude, therefore, that the trial court properly refused to give a *Secondino* charge with regard to Mongillo.

III

The plaintiff finally argues that the trial court improperly admitted nonmedical hearsay testimony contained in an emergency medical report. Specifically, the plaintiff argues that while the defendant's emergency medical report was admissible pursuant to General Statutes § 52-174 (b)[8], under *Aspiazu* v. *Orgera*, 205 Conn. 623,

[8] General Statutes § 52-174 (b) provides in pertinent part: "In all actions for the recovery of damages for personal injuries or death, pending on

627, 535 A.2d 338 (1987), nonmedical information contained in the report, such as the identity of the motor vehicle driver, was inadmissible. We disagree.

In *Aspiazu,* our Supreme Court held that "[o]nce the [emergency medical] report is ruled admissible under the statute, any information that is not relevant to medical treatment is subject to redaction by the trial court." Id., 628. The Supreme Court, however, further held that "[t]he burden is on the objecting party to specify objections to the inadmissible parts of the report." Id.

Here, the plaintiff initially objected to the entire emergency medical report on the grounds that the report was cumulative and irrelevant. The plaintiff, however, never specifically objected to those portions of the report that were not relevant to the medical treatment of the parties, such as the identity of the driver. Thus, under *Aspiazu,* the plaintiff failed to sustain his burden of putting the trial court on notice of the specific nonmedical sections of the report that should be redacted, and, therefore, the trial court's admission of those portions was not improper.

Moreover, the nonmedical portion of the defendant's emergency medical report in which it was noted that the defendant stated that she was not the driver was admissible as a prior consistent statement. "[I]f a witness has been impeached on the basis of bias, motive or interest, prior consistent statements may be admitted to rehabilitate his damaged credibility, if . . . the prior

October 1, 1977, or brought thereafter, any party offering in evidence a signed report and bill for treatment of any treating physician, dentist, chiropractor, osteopath, natureopath, physical therapist, podiatrist, psychologist, emergency medical technician or optometrist may have the report and bill admitted into evidence as a business entry and it shall be presumed that the signature on the report is that of the treating physician, dentist, chiropractor, osteopath, natureopath, physical therapist, podiatrist, psychologist, emergency medical technician or optometrist and that the report and bill were made in the ordinary course of business. . . . "

consistent statement . . . was made before the alleged bias, motive or interest arose. *State* v. *Dolphin,* 178 Conn. 564, 570–71, 424 A.2d 266 (1979)." *State* v. *Jeffrey,* 220 Conn. 698, 713–14, 601 A.2d 993 (1991), cert. denied, 505 U.S. 1224, 112 S. Ct. 3041, 120 L. Ed. 2d 909 (1992). Here, the defendant told the emergency medical technician that the plaintiff was the driver, and the technician recorded the plaintiff's statement in his report before Trujillo's lie to the defendant caused her to say that she was the driver in order to protect her boyfriend.

Furthermore, the portion of the defendant's emergency medical report that indicates that the plaintiff was the motor vehicle operator was merely cumulative of other evidence presented at trial. All of the emergency medical technicians, including the technician who wrote the report, testified that the defendant told them that the plaintiff was the driver. In addition, the defendant testified that the plaintiff was the driver, and introduced numerous prior admissions by the plaintiff that he was the driver. Moreover, there was evidence presented at trial that the defendant told the hospital staff that the plaintiff was the driver. Furthermore, there was physical evidence presented at trial that the defendant's hair was embedded in the broken glass of the damaged windshield on the passenger side and that the emergency medical technicians extricated her from the passenger seat. The evidence must be more than merely cumulative to constitute reversible error. See *Swenson* v. *Sawoska,* 215 Conn. 148, 155, 575 A.2d 206 (1990). The plaintiff's claim, therefore, is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.