DERBY SAVINGS BANK *v.* WALTER T. OLIWA ET AL.
(AC 17613)

O'Connell, C. J., and Schaller and Spear, Js.

Argued June 8—officially released July 28, 1998

*Edward R. Giacci*, for the appellant (defendant).

*Karen K. Clark*, with whom were *William W. Cote* and, on the brief, *Thomas A. Gugliotti*, for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the trial court's judgment reforming his mortgage deed and granting strict foreclosure. The record discloses that on March 30, 1988, the defendant executed a mortgage

deed and note to the plaintiff. Due to a mistake, the mortgage deed contained a description of the wrong property. The trial court granted reformation of the mortgage deed so that it described the property that the parties had intended it to cover. Thereafter, the trial court granted strict foreclosure of the reformed mortgage. The defendant claims that the trial court abused its discretion in granting the reformation. We affirm the judgment of the trial court.

The trial court found that both parties intended the mortgage to cover property other than that described in the mortgage deed and that the error resulted from a mistake by the attorney who prepared the mortgage documents.[1] The court found this to be a mutual mistake. Specifically, the trial court found that the commitment letter, which was signed by both parties, described what was found to be the parcel of land actually covered by the mortgage. Moreover, the mortgage note contained a notation in its lower left corner describing the correct property. "Reformation of a deed can be ordered when it has been executed as the result of a mutual mistake and by reason thereof each party has done what neither intended." *Patalano* v. *Chabot*, 139 Conn. 356, 359, 94 A.2d 15 (1952).

"A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as the result of mutual mistake . . . . We have held that this also applies to actions for reformation of a deed . . . the function of which is merely to pass title to land, pursuant to the agreement of the parties. . . . Reformation is not granted for the

---

[1] An attempt to correct the error by rerecording the mortgage deed with a correct property description attached but without the defendant's reexecution of the deed was a nullity.

purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties . . . . Equity evolved the doctrine because an action at law afforded no relief against an instrument [which was] a result of mutual mistake." (Citations omitted; internal quotation marks omitted.) *Lopinto* v. *Haines*, 185 Conn. 527, 531–32, 441 A.2d 151 (1981).

"Reformation is appropriate in cases of mutual mistake—that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. . . . [R]eformation is also available in equity when the instrument does not express the true intent of the parties owing to the mistake of one party . . . ." (Citations omitted; internal quotation marks omitted.) *Harlach* v. *Metropolitan Property & Liability Ins. Co.*, 221 Conn. 185, 190–91, 602 A.2d 1007 (1992).

Reformation and foreclosure are both equitable proceedings. When a decision in an equitable matter lies within the trial court's discretion, an appellate court will reverse that decision " 'only when an abuse of discretion is manifest or where an injustice appears to have been done' . . . " *Nevers* v. *Van Zuilen*, 47 Conn. App. 46, 51, 700 A.2d 726 (1997). We do not find an abuse of discretion or injustice in the action of the trial court in the present case.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.