[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff alleges that on December 26, 1997, she visited Branford, Connecticut's Wal-Mart Store for the purpose of exchanging allegedly defective computer software which she had previously purchased. She claims that while discussing the intended exchange with the defendant Kelley, an employee of Wal-Mart, Kelley became "rude, belligerent and disrespectful of the plaintiff and suddenly and without justification proclaimed in a tone easily heard by nearby store patrons and members of the plaintiff's community, including plaintiff's father and minor daughter, `you're a liar!'" Based on this incident, the plaintiff brought the instant ten count complaint against Kelley and Wal-Mart Stores. The defendants contend that each and every one of the plaintiff's ten counts fails to state a claim upon which CT Page 4582 relief may be granted as a matter of law, and they have therefore moved to strike the entire complaint.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Count one alleges intentional infliction of emotional distress by the defendant Myrna Kelley. Such a claim must include the following elements:
 (1) that the actor intended to inflict emotional distress, or that he knew or should have known that the emotional distress would be the likely result of his conduct;
(2) that the conduct was extreme and outrageous;
 (3) that the defendant's conduct was the cause of the plaintiff's distress; and
 (4) that the emotional distress sustained by the plaintiff was severe.
Petyan v. Ellis, 200 Conn. 243, 253 (1986), quoting Murray v.Bridgeport Hospital, 40 Conn. Sup. 56, 62 (1984); Mellaly v.Eastman Kodak Co., 42 Conn. Sup. 17 (1991).
The defendants argue that as a matter of law, the conduct alleged by the plaintiff does not satisfy the third prong of this test, namely that it was not "extreme and outrageous." "The rule which seems to have emerged is that there is liability for conduct exceeding all bounds, usually tolerated by a decent CT Page 4583 society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Lucuk v.Cook, 1998 W. L. 67412 (Conn.Super. 1998), quoting Murray v.Bridgeport Hospital, 40 Conn. Sup. 56 (1984) (emphasis in original). The Restatement (2nd) of Torts, § 46, suggests that liability should only be found "where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." "The liability clearly does not extend to mere insults, indignities, threats, petty oppressions or other trivialities." Lucuk v. Cook, supra.
Whether conduct alleged by a plaintiff rises to the level of "extreme and outrageous" is, in the first instance, a question for the court. Petyan v. Ellis, supra. This is so at least in part to protect courts from being flooded by "suits claiming distress for every kind of threat, indignity or abuse no matter how trivial." Lucuk, supra. See, also, Knierim v. Izzo174 N.E.2d 1957 (Ill. 1961).
The plaintiff suggests that, combined with the fact that her father and minor daughter were present and that the event took place on the day after Christmas, the comments made by Kelley were indeed "extreme and outrageous". Although this court does not disagree that the context may well be relevant in determining whether conduct is "extreme and outrageous", the facts in this case fall far short of meeting this standard. However unprofessional Kelley's conduct may have been, and however offended the plaintiff may have been by it, that conduct does not meet the "extreme and outrageous" test, and the first count therefore fails to state a cause of action for intentional infliction of emotional distress.
In her second count, the plaintiff appears to allege negligent infliction of emotional distress, but the count as presently worded does not include an allegation that the defendant should have realized her conduct involved an unreasonable risk of causing emotional distress and that this distress, if it were caused, might result in illness or bodily harm. Morris v. Hartford Courant Co., 200 Conn. 676, 683 (1986).Faillace v. Soderholm, 1997 W.L. 684900 (Conn.Super. 1997).
The plaintiff attempts to defend her pleading by citingMontinieri v. Southern New England Telephone Co., 175 Conn. 337,345 (1978), which notes that "recovery for unintentionally caused CT Page 4584 emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." The plaintiff misses the distinction between physical harm, which may arise from emotional distress, and physical injury or physical impact, which would be the product of some kind of physical trauma. An allegation of negligent infliction of emotional distress must, as a matter of law, include the allegation that the defendant should have realized that its conduct could have caused such distress and that, if caused, that distress could result in some physical symptoms. That the plaintiff is not required to allege physical injury or physical impact does not relieve her of that responsibility. The second count thus also fails to state a claim upon which relief may be granted as a matter of law, and it is therefore stricken.
The defendant has also argued that by failing to specify the duty owed by the defendant to the plaintiff, she has failed even to allege negligence with respect to the second count. The court assumes that if the plaintiff elects to replead this count, she will do so in a manner which specifies the duty allegedly owed to her by the defendant.
As for the third count, which alleges "slander per se", the plaintiff has acknowledged that it fails to state a claim upon relief may be granted, and this count is therefore stricken.
The fourth count incorporates portions of the first and third counts, which have been stricken, and also alleges that the defendant's conduct was "wilful, wanton, malicious and in callous disregard of plaintiff's rights and sensibilities." In attempting to defend this count, the plaintiff herself cites Bordonaro v.Senk, 109 Conn. 428, 431-432, which states:
Wanton misconduct is more than negligence . . . Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct. When we say that wanton misconduct is the equivalent of wilful misconduct, we do not intend to characterize these terms as equivalents of each other, but equivalents in result. Wilful or intentional misconduct and wanton misconduct are different concepts of wrongful or improper misconduct, but in their resultant they are alike in their seriousness and gravity, and the law subjects whoever is guilty of either form of misconduct to like rules and visits upon each a like liability. CT Page 4585
It is thus apparent that for purposes of construing this count, the "wilful, wanton and malicious" conduct alleged by the plaintiff should be viewed in the same way as an allegation of intentional conduct. Just as the plaintiff has failed to allege facts tending to show that the conduct was "extreme and outrageous" with respect to the first count, so she has failed to do so with respect to this, the fourth count. The fourth count is therefore stricken.
The fifth count restates the allegations of the third count (slander per se) and seeks to have the defendant Wal-Mart held responsible on a theory of respondent superior. As the plaintiff has already conceded that the third count is defective, however, the fifth count also cannot stand. The motion to strike it is therefore granted.
The sixth count appears to be an amalgam of fraudulent and negligent misrepresentation allegations. Although the count arguably sets forth a claim of negligent misrepresentation, the defendant argues that the count is devoid of any allegations that would set forth the claim of fraudulent misrepresentation and that the entire count must therefore be stricken. This count refers to various advertisements and publications through which the defendant Wal-Mart makes representations that its customers will receive "helpful, courteous and efficient service by well trained employees". Although the language of this count arguably sets forth the claim that such statements were made negligently, in order to state a cause of action for fraudulent misrepresentation, the plaintiff must allege:
(1) a false representation made as a statement of facts;
 (2) it was untrue and known to be untrue by the party making it;
(3) it was made to induce the other party to act upon it;
 (4) the other party did so act upon the false representation to his injury.
Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539 (1995);Parker v. Shaker Real Estate Inc., 47 Conn. App. 49 (1998). A review of the sixth count reveals that it does not include the requisite allegations, and it is therefore stricken. CT Page 4586
The seventh count incorporates the allegations of several other counts which have now been stricken and goes on to complain that Wal-Mart failed to investigate or respond to the plaintiff's complaints about Kelley or take any meaningful disciplinary action against her. Even after having heard oral argument, it is difficult to discern the legal theory on which this count is based. Because, at a minimum, the count relies on allegations which have already been stricken, this count must also be stricken.
The eighth count appears to allege a breach by Wal-Mart of its obligation of good faith and fair dealing with respect to its contractual obligations with the plaintiff surrounding its return policy. To the extent that this "breach" refers to infliction of emotional distress, it has been dealt with in the other counts of the complaint. To the extent that it relates to any failure by Wal-Mart to abide by its agreements with regard to the return of merchandise, this count is devoid of any allegation as to how it breached the covenant of good faith and fair dealing with respect to such obligations. For all of these reasons, as well as the fact that the count incorporates by reference elements of other counts which have already been stricken, this count must also be stricken.
As to the ninth and tenth counts, the plaintiff has conceded that they fail to state claims upon which relief may be granted, and the court therefore orders them stricken.
For all of the above reasons, the plaintiff's complaint is stricken in its entirety.
Jonathan E. Silbert, Judge