[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Unionamerica Insurance Company, Ltd. (Unionamerica), has filed a complaint against the defendant, the Atlas Construction Company (Atlas), seeking reformation of an insurance contract issued by Unionamerica to Atlas.
Unionamerica presents the following allegations in the complaint. Sometime in December of 1991, Atlas entered into a construction contract with the Amity Regional School District #5. Atlas was to construct a new school building and to sub-contract the aluminum siding work on the building to Homa Home Improvement Contractors (Homa). Sometime in August in 1995, the school project was completed. On or about October 21, 1997, CT Page 5693 Atlas sought a quote for commercial general liability (CGL) insurance from the John T. Ostheimer Agency (Ostheimer). On or about October 21, 1997, Ostheimer provided Atlas with a written quote, which quote specifically excluded coverage for claims arising out of operations completed before the policy's inception date. Prior to October 31, 1997, Ostheimer also requested a quote for coverage for Atlas from another entity, Gremesco. Prior to October 31, 1997, Gremesco provided a written quote, which quote also excluded coverage for operations completed before the policy's inception date. On or about October 31, 1997, Atlas entered into a contract with Unionamerica for CGL coverage under policy #UA-4025, for policy period October 31, 1997 through October 31, 1998. At sometime subsequent, Amity Senior Regional High School asserted a claim against Atlas under the school construction contract, and counsel for Atlas forwarded notice of the Amity claim to Unionamerica. On or about September 8, 1998, Unionamerica advised Atlas that it was reserving its right to disclaim coverage based on the intent of the parties to exclude coverage for operations completed before the policy's inception date.
In count one of its complaint to reform the contract, Unionamerica alleges that the endorsement excluding coverage for completed operations was not attached or listed on the insurance policy as a result of an inadvertent mutual mistake. In count two, Unionamerica realleges the allegations made in count one and concludes that the endorsement excluding coverage for completed operations was not attached or listed on the insurance policy as a result of a scrivener's error. In count three, the plaintiff allegations made in counts one and two and concludes that the endorsement excluding coverage for completed operations was not attached or listed on the insurance policy as a result of Unionamerica's unilateral mistake. It alleges that its unilateral mistake is coupled with Atlas' inequitable conduct: (1) in accepting the insurance policy without giving notice that the policy did not include the exclusion despite Atlas' knowledge that it was the specific intent of the parties to exclude coverage for completed operations; and (2) in presenting the claim to Unionamerica for coverage under the CGL policy. Unionamerica filed this motion for summary judgment as to its entire complaint and a memorandum in support with affidavits and exhibits.
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of CT Page 5694 showing the absence of any genuine issue [of] material [fact] which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
Unionamerica moves for summary judgment as to count one on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. In count one, it alleges that the insurance policy should be reformed because the endorsement excluding coverage for completed operations was not attached or listed as a result of mutual mistake. In its memorandum in support, Unionamerica argues that the insurance contract should be reformed to reflect the true intent of the parties which was to exclude coverage for completed operations. In support of its motion, the plaintiff submits copies of the written negotiation letters between Ostheimer, Gremesco and Atlas, which Unionamerica argues reveal the parties' intent,[1] and provides the affidavit of William E. Neagle, an employee of Ostheimer, who negotiated Atlas' purchase of the policy. Unionamerica additionally provides copies of correspondence between Neagle and Atlas' president, Gambino, concerning the purchase of the policy. Unionamerica also provides the affidavit of Christopher Larson, president of Gremesco, who provided Neagle with a written coverage quote for insuring Atlas and the certified deposition testimony of Gambino.[2]
Atlas argues in opposition that Unionamerica has failed to show the policy should be reformed because the affidavits submitted in support are deficient for two principle reasons, i.e., that the affidavits are deficient first in that they fail to state that they are based upon personal knowledge, and in that they fail to show that the affiants are competent to testify to the matters stated. Atlas argues that the affidavits are also deficient because they fail to prove by clear and convincing evidence that the endorsement excluding coverage for completed operations resulted from mutual mistake; and because they fail to prove by clear and convincing evidence that Unionamerica did not know or could not have reasonably known that the policy did not conform to the parties' intent. Atlas alternatively argues that the affidavits fail to prove mutual mistake by clear and convincing evidence because they do not show when Unionamerica knew of the mistake. Atlas reasons that if Unionamerica knew of the mistake when the policy was issued, then the mistake was not mutual.
The court first will address the question of whether the affidavits which Unionamerica submits in support of summary judgment are sufficient CT Page 5695 although they do not state specifically that they are based on the affiants' personal knowledge and that the affiants are competent. Practice Book § 17-46 provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Unionamerica submits the affidavit of William E. Neagle (Neagle), an employee of Ostheimer, who "swears, deposes and states" that he is "fully familiar with the facts surrounding the issuance of the policy in question, Policy No. UA-4025. . . ." Neagle avers that he was the agent who negotiated the coverage for Atlas. In addition, Unionamerica submits the affidavit of Christopher Larson who "swears, deposes and states": "[That he is] the [p]resident of Gremesco Corp[oration] . . . [and that he] had numerous conversations with Mr. William Neagle of John T. Ostheimer Agency with respect to the issuance of the policy and the condition regarding claims arising out of completed operations." Each of the affiants states facts within his personal knowledge as a party who negotiated coverage for Atlas. See Brookfield v. Candlewood ShoresEstates Inc., 201 Conn. 1, 9, 513 A.2d 1218 (1986) (affidavit should set forth factual picture by person who knows the facts); AssociatesFinancial Services of America, Inc. v. Sorenson, 46 Conn. App. 721, 732,700 A.2d 107 (1997) (adequate averment shows how or where personal knowledge obtained). Each of the affidavits is competent as neither on its face contains inadmissible hearsay. See Evans Products Co. v.Clinton Building Supply, Inc., 174 Conn. 512, 515, 391 A.2d 157 (1978). Therefore, each of the affidavits meets the requirements set forth in Practice Book § 17-46.
The court will address the question of whether Unionamerica has met its burden of showing by clear and convincing evidence that the policy should be reformed because it results from mutual mistake.
"A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as the result of mutual mistake, or mistake of one party coupled with actual or constructive fraud, or inequitable conduct on the part of the other . . ." (Citations omitted; internal quotation marks omitted.) Lopinto v.Haines, 185 Conn. 527, 531, 441 A.2d 151 (1981).
"Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties. . . ." (Internal quotation marks omitted.) Id., 532. CT Page 5696
"Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. . . ." (Citations omitted; internal quotation marks omitted.)Harlach v. Metropolitan Property Liability Ins. Co., 221 Conn. 185,190, 602 A.2d 1007 (1992).
"We have stated the standard of proof for reformation in different ways but all with the same substantive thrust: evidence should be clear, substantial and convincing. . . . The phrase `clear, substantial and convincing evidence' fairly characterizes that degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [T]he burden of persuasion is sustained if the evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. . . ." (Citations omitted; internal quotation marks omitted.) Lopinto v. Haines, supra, 185 Conn. 534-35. "The burden of proof on the issue of reformation is upon the party seeking it. . . ." (Citations omitted.) Id., 535. "This standard of proof should operate as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is loose, equivocal or contradictory. . . ." (Citations omitted; internal quotation marks omitted.) Id., 539.
In Derby Savings Bank v. Oliwa, 49 Conn. App. 602, 603, 714 A.2d 1278
(1998), the Appellate Court affirmed the reformation of a mortgage deed which contained a description of the wrong property. The Appellate Court did not disturb the trial court finding that both parties intended the mortgage to cover property other than the property described in the mortgage deed and that the mistake was mutual. The trial court discerned the true intent of the parties from a commitment letter, signed by both parties, describing the parcel of land that the mortgage actually covered. In addition, the mortgage note contained a notation in its lower left hand corner describing the correct property.
In support of its argument that the insurance contract should be reformed because the policy's failure to exclude coverage for completed operations results from mutual mistake, Unionamerica submits the aforementioned Neagle affidavit. Neagle avers that Ostheimer acted as the retail broker in obtaining insurance for Atlas construction, and that he was the agent involved in those negotiations. He further avers that he explained to Atlas' president, Gambino, that the only coverage CT Page 5697 that could be obtained for Atlas within the desired coverage range, would not cover claims arising out of completed operations. He additionally states that the correspondence he received from Gambino indicated that Gambino understood that Atlas would not be covered for completed operations.[3]
Unionamerica also submits copies of the firm quote and cover note which Neagle obtained from the insurance broker, Gremesco, on behalf of Unionamerica. The cover note indicates that Gremesco, "[i]n accordance with [Neagle's instruction has] effected the following coverage with . . . Unionamerica . . . and [it excludes] all completed operations prior [to] inception."
The court denies Unionamerica's motion for summary judgment as to count one because Unionamerica fails to prove that there is no genuine issue of material fact as to whether Unionamerica made a mistake in failing to exclude completed operations from coverage under the policy. The court finds that while Unionamerica's submitted evidence is relevant to show the parties' intent to exclude completed operations from coverage under the policy, Unionamerica has failed to prove mistake by clear and convincing evidence. It presents no direct evidence showing that it made a mistake in failing to exclude completed operations from the policy. "Reformation is appropriate in cases of mutual mistake. . . . "; Harlach v. Metropolitan Property Liability Ins. Co., supra,221 Conn. 190; however, "[t]he burden of proof on the issue of reformation is upon the party seeking it. . . ." (Citations omitted.)Lopinto v. Haines, supra, 185 Conn. 535.
Unionamerica also moves for summary judgment as to its count three claim, that the endorsement excluding coverage for completed operations was not attached or listed as a result of a unilateral mistake. Unionamerica argues that reformation should be made on the theory of unilateral mistake because Atlas was aware of this mistake, yet submitted a claim arising from suit by Amity when it knew that it was not afforded coverage under the policy for this claim. In support of its argument, Unionamerica submits the deposition testimony of Gambino wherein he states that when the policy was issued by Unionamerica, he knew that it would not cover claims for work performed prior to the issuance of the policy.
Atlas argues in opposition that reformation should not be made as Unionamerica has failed to show unilateral mistake by clear and convincing evidence and because it has failed to show that Atlas engaged in fraud or inequitable conduct with respect to that unilateral mistake.
"[R]eformation is . . . available in equity when the instrument does CT Page 5698 not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other." Harlach v. Metropolitan Property Liability, supra, 221 Conn. 191.
The court denies Unionamerica's motion for summary judgment as to its count three claim, that the insurance policy should be reformed because the endorsement excluding coverage for completed operations was not attached or listed as a result of unilateral mistake. As the court has indicated above, Unionamerica has failed to prove by clear and convincing evidence that it made a mistake in failing to exclude coverage for completed operations from the policy. See Gebbie v. CadleCo., 49 Conn. App. 265, 276, 714 A.2d 678 (1998) (reasoning that a party seeking to avoid a contract on the basis of a unilateral mistake must be the party that was mistaken).
While Unionamerica moves for summary judgment "on all counts of its [c]omplaint," it does not offer an argument in support of summary judgment as to its count two claim, that the insurance policy should be reformed because the endorsement excluding coverage for completed operations was not attached or listed as a result of a scrivener's error. "Claims mentioned but not adequately briefed are deemed abandoned." PiePlate, Inc. v. Texaco, Inc., 35 Conn. App. 305, 315, 645 A.2d 1044
(1994). Therefore, the court denies Unionamerica's motion for summary judgment as to count two.
In summary, the court denies Unionamerica's motion for summary judgment as to counts one, two and three.
D'ANDREA, J.