[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about November 30, 1995, the plaintiffs, Paul Ferrone and Cathy Ferrone, entered into a purchase and sale contract with the defendant, John Resnick, as trustee of the Nathan A. Resnick Trust, to purchase a single family house located at 180 Westwood Road, New Haven, Connecticut. On March 15, 1996, the parties closed on the property. At the closing, the usual adjustments were made, including adjustments for sewer use charges in the amount of $5.44, which were paid by the plaintiffs. The plaintiffs paid the purchase price of $143,000 and the defendant provided the plaintiffs with a warranty deed to the property.
The plaintiffs allege that they believed the property they purchased was connected to the public sewer line. However, on or about July 10, 1999, the plaintiffs learned that the property was served by a private septic system when the system stopped functioning. As a Judicial District of New Haven result, the plaintiffs removed the septic tank and installed a sewer system connected to the public sewer line.[1]
The plaintiffs filed a two count complaint against the defendant on October 4, 2000. Subsequently, on April 30, 2001, the plaintiffs filed a five count second amended complaint, alleging breach of contract, material misrepresentation of fact, mutual mistake, unjust enrichment, and breach of implied warranty.
On October 23, 2001, the defendant filed an answer to the plaintiffs' second amended complaint, raising the statute of limitations and good faith reliance as special defenses.
This case was tried to the court on October 23, 2001. Both parties submitted post-trial briefs.
 PLAINTIFFS' COMPLAINT
CT Page 2188
Count one alleges breach of contract by the defendant. The plaintiffs allege that the defendant breached the purchase and sale contract because the defendant sold the plaintiffs the property with a private septic system, not property with a connection to the public sewer service. The plaintiffs argue that since it is undisputed that they paid sewer use charges at the time of the closing, such payment demonstrates an understanding between the parties that the property was connected to the public sewer line. The plaintiffs rely on a Phrase contained in the warranty deed which states that the premises were subject to "such current water and sewer-use charges as may exist" to argue that the payment of the sewer use charges were part of the consideration for the deed.
In opposition, the defendant argues that he fulfilled his contractual obligations to the plaintiffs. Specifically, the defendant argues that the plaintiffs contracted to purchase the property from the defendant and the defendant sold the property to the plaintiffs; therefore, there was no breach of contract.
An action for breach of contract requires proof of three elements: "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Citation omitted; internal quotation marks omitted.) McHenry v. Lubell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346842 (August 2, 2001, Skolnick, J.) "The general rule of damages in a breach of contract action is that the award should place the injured party in the same position as he would have been in had the contract been performed." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245,264, 765 A.2d 505 (2001).
In the present case, the plaintiffs have not met their burden of proving a breach of contract. While it is undisputed that the plaintiffs and the defendant entered into a contract for the purchase and sale of the property, the testimony presented at trial does not demonstrate that the defendant failed to perform any of his contractual obligations.
Furthermore, paragraph B of the sales contract states that "[buyer] represents that [buyer] has examined the real property and is satisfied with the physical condition thereof . . . and neither [seller] nor any representative of the [seller] has made any representation or promise other than those expressly stated herein upon which [buyer] has relied in making this [a]greement."
Paragraph I of the contract also indicates that "[seller] agrees to permit [buyer's] designees to physically inspect the real property. . . ." CT Page 2189 It is important to note that a physical inspection of the property was performed on behalf of the plaintiffs (Exhibit B) and that as a result of the inspection, there was a supplement to the agreement (Exhibit A) indicating work that the plaintiffs required that the defendant perform prior to the closing. There is no mention of the sewer system on either the inspection report or the subsequent supplement to the agreement.
Accordingly, judgment is entered on Count One for the defendant.
In Count Two, the plaintiffs allege that the defendant made material misrepresentations of fact. The plaintiffs allege that during the negotiations prior to the closing, the defendant and the defendant's real estate agent represented to the plaintiffs that the "sanitary sewer system was in good working order." The plaintiffs failed to introduce any evidence of the statements allegedly made by the defendant or his real estate agent.
An actionable misrepresentation of fact has occurred when a party misrepresents an existing fact, thereby inducing another party to enter into a contract. "[A] plaintiff asserting a claim . . . [for fraudulent or negligent misrepresentation] must first prove a false statement or false representation on the part of the defendant." Citino v.Redevelopment Agency, 51 Conn. App. 262, 276, 721 A.2d 1197 (1998).
In the present case, the defendant's testimony demonstrates that he did not know what type of sewer system serviced the property. Moreover, the plaintiff, Paul Ferrone, testified that he did not meet the defendant until the day of the closing. The plaintiffs have failed to introduce evidence of any alleged false statements or false representations made by the defendant. Accordingly, judgment is entered in favor of the defendant on the second count.
Count three alleges that there was a mutual mistake regarding the type of sewer system on the property and, therefore, the plaintiffs are entitled to have the contract reformed. The plaintiffs argue that both the plaintiffs and the defendant believed that the property was served by a public sewer line and not a private septic system. The defendant, however, argues that there is no evidence to prove that the defendant ever stated that he had knowledge that the property was connected to the public sewer system.
A mutual mistake exists "where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. . . ." (Citations omitted; internal quotation marks omitted.) Derby Savings Bank v. Oliwa,
CT Page 219049 Conn. App. 602, 604, 714 A.2d 1278 (1998). "A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as a result of mutual mistake. . . ." (Citations omitted; internal quotation marks omitted.) Id., 603.
The "factual predicate necessary for a trial court's finding of mutual mistake . . . is that [a] plaintiff . . . ha[s] to prove that both
parties bargained based upon the same mistaken understanding." (Emphasis in original.) HLO Land Ownership Associates Ltd. Partnership v.Hartford, 248 Conn. 350, 359 n. 10, 727 A.2d 1260 (1999).
In the present case, the plaintiffs did not introduce any evidence to prove that a public sewer connection was bargained for by the parties as part of the purchase and sale contract. Furthermore, the plaintiffs have failed to prove that the defendant mistakenly believed that the property was connected to the public sewer line. The plaintiffs have not established that "both parties bargained based upon the same mistaken understanding." (Emphasis in original.) HLO Land Ownership AssociatesLtd. Partnership v. Hartford, supra, 248 Conn. 359 n. 10. The defendant testified that he "[n]ever thought about it" and that he "[did not] have any idea" whether the property was connected to the public sewer line.
The plaintiffs have failed to establish a mutual mistaken understanding. The court will not rewrite the contract. Judgement is entered in favor of the defendant as to this count.
In count four, the plaintiffs allege that the defendant has been unjustly enriched to the detriment of the plaintiffs because had the plaintiffs known that the property was not connected to the public sewer line, they would have reduced their offer of purchase to compensate them for the cost to connect to the public sewer line. The plaintiffs argue that even if the court finds that there is no breach of an implied warranty or no mutual mistakes the court should provide the plaintiffs with a remedy based on unjust enrichment because the defendant was unjustly enriched as a result of selling the property on the basis that it was connected to the public sewer line.
In opposition, the defendant argues that the plaintiffs paid the defendant the negotiated purchase price for the property and they received a warranty deed to the property in exchange for the purchase price; therefore, there is no unjust enrichment because "the plaintiffs did not bestow any benefit on the defendant and the defendant did not fail to pay the plaintiffs for any benefit." CT Page 2191
To recover under a theory of unjust enrichment, the plaintiffs must prove the following elements: "(1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiffs' detriment. . . ." (Citation omitted; internal quotation marks omitted in original.) Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.,231 Conn. 276, 283, 649 A.2d 518 (1994).
In the present case, the plaintiffs have not satisfied all of the elements necessary to recover for unjust enrichment. Specifically, there was no evidence presented at trial to prove that the defendant received a benefit for which he did not pay. The sale mutually benefitted both parties and, therefore, there is no unjust enrichment. Accordingly, judgment is entered on count four in favor of the defendant.
In count five, the plaintiffs allege that the defendant breached an implied warranty contained in the deed because the property had a private septic system. Specifically, the plaintiffs allege that the "language in the deed constituted an implied warranty that the property was served by public sewer service, since the fact that the property was served by public sewer service was a condition precedent to the [p]laintiffs being obligated to pay sewer use charges on the property." The plaintiffs argue that the language contained in the deed stating that the defendant agreed to convey the property by "good and sufficient Warranty Deed . . . subject to sewer use charges and current sewer assessment balance, if any" created an implied warranty that the property was connected to the public sewer line.
In opposition, the defendant argues that the "usual meaning of the pertinent words" contained in the deed cannot be interpreted to mean that the property was served by a public sewer system and, therefore, the defendant did not breach any of the warranties in the deed. In support of his argument, the defendant relies on language in the deed which states that the premises were subject to "current . . . sewer-use charges as mayexist." (Emphasis added.)
"In construing a deed, a court must consider the language and terms of the instrument as a whole. [The] basic rule of construction is that recognition will be given to the expressed intention of the parties to a deed or other conveyance, and that it shall, if possible, be so construed as to effectuate the intent of the parties. . . ." (Citations omitted; internal quotation marks omitted.) Hare v. McClellan, 234 Conn. 581,593, 662 A.2d 1242 (1995).
In the present case, the plaintiffs have not introduced any evidence to show that the intention of the parties was that the subject property be CT Page 2192 connected to the public sewer service. The plaintiff's trial testimony simply demonstrates that plaintiffs assumed that the property was connected to the public sewer line. Furthermore, the language of the deed does not indicate that any warranties were being made with regard to the sewer system. To the contrary, the deed states that the plaintiffs were taking the property subject to "sewer-use charges as may exist."
(Emphasis added.) Accordingly, judgment shall enter on count five in favor of the defendant.
 DEFENDANT'S SPECIAL DEFENSE
The defendant raised the statute of limitations as a special defense. The defendant alleges that if the causes of action in the plaintiffs' operative complaint sound in negligence, they are barred by a three year statute of limitations. If the plaintiffs' claims sound in tort, the defendant alleges that the causes of action are barred because they did not accrue within the statutory period of three years. The defendant also alleges that if the plaintiffs are seeking the performance of an executory agreement, such cause of action is barred by the applicable one year statute of limitation. Although it has been determined that judgment will enter in favor of the defendant on all five counts, the court will nonetheless address the statute of limitations issue.
"No action . . . on any contract in writing, shall be brought but within six years after the right of action accrues." General Statutes § 52-576. In the present case, the parties signed the purchase and sale contract on November 30, 1995. The plaintiffs filed their original complaint on October 4, 2000. Therefore, the plaintiffs' contract based claims for breach, mutual mistake, unjust enrichment, and breach of warranty are not barred by the statute of limitations.[2] However, as discussed above, the plaintiffs failed to prove their case on the merits and, therefore, judgment is entered for the defendant with regard to the three contract based claims.
"No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of" General Statutes § 52-577. Even if the plaintiffs had proven misrepresentation, their claim would be barred by the statute of limitations because they did not file their claim within the three year period after the signing of the contract.
For the foregoing reasons, judgment shall enter on the complaint in favor of the defendant on all counts.
___________________ Frank S. Meadow Judge Trial Referee CT Page 2193