JULIA M. CARANO *v.* MARLENE A. MOOMEY ET AL.
(AC 17493)

Foti, Landau and Spear, Js.

Argued September 24—officially released December 29, 1998

*Mary M. Puhlick*, for the appellant (plaintiff).

*William J. Melley III*, with whom, on the brief, was *Michael J. Quinlan*, for the appellee (named defendant).

*Richard D. Haviland*, for the appellees (defendant Gary Grymkowski et al.).

*Opinion*

LANDAU, J. In this negligence action, the plaintiff, Julia M. Carano, appeals from the judgment, rendered after a jury trial, for the defendants, Marlene A.

Moomey, Gary Grymkowski and John Grymkowski. On appeal, the plaintiff claims that the trial court improperly (1) failed to set aside the verdict as to each defendant and (2) accepted the verdict without having the entire verdict read into the record. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The action arose out of an automobile accident that occurred on February 1, 1994, on Route 12, also known as Laurel Hill Road, in Norwich. The plaintiff was proceeding on Laurel Hill Road, having just come out of an S curve, when she observed a truck, operated by Gary Grymkowski and owned by John Grymkowski, that had spun out and was blocking her lane of travel. The plaintiff applied her brakes and stopped short of the truck. As Moomey came out of the same S curve, she saw the plaintiff's vehicle and applied her brakes. At the time, it was snowing heavily and visibility was poor. There were four inches of snow on the road, which had not been plowed or sanded. Moomey attempted to steer her vehicle to the left to avoid the other vehicles, but her car slid on the ice and snow and came in contact with the plaintiff's vehicle.

In their respective answers to the complaint, the defendants denied all allegations of negligence. During the trial, Moomey orally asserted a special defense of sudden emergency, which was denied by the plaintiff. The jury was instructed,[1] in part, on the law of negligence, negligence per se and sudden emergency.[2] At

---

[1] The plaintiff does not claim that the trial court improperly instructed the jury.

[2] To prevail under the doctrine of sudden emergency, the defendant must prove "(1) that an emergency actually existed, (2) that the perilous situation was not created by the defendant, and (3) that the defendant, confronted with the emergency, chose a course of action which would or might have been taken by a person of reasonable prudence in the same or a similar situation." *Miller* v. *Porter*, 156 Conn. 466, 469, 242 A.2d 744 (1968).

the end of their deliberations, the jury rendered a defendant's verdict for Moomey and a defendant's verdict for the Grymkowskis. The plaintiff filed a motion to set aside the verdict, which was denied. Judgment for the defendants was rendered and this appeal followed. Additional facts will be discussed as needed.

"In determining whether a verdict should be set aside, the court is obligated first to review the evidence giving it a construction most favorable to sustaining the jury's verdict. . . . In addition, the trial court's refusal to disturb the jury verdict is entitled to great weight, and every reasonable presumption should be given in favor of its correctness. . . . In reviewing this issue, our sole responsibility is to decide whether, on the evidence presented, the jury could fairly reach the conclusion [it] did. . . . It is the province of the jury to weigh the evidence and determine the credibility and the effect of testimony; and we must decide the question whether on the evidence presented, the jury could have fairly reached [its] verdict . . . ." (Citation omitted; internal quotation marks omitted.) *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 99, 709 A.2d 14 (1998). "The decision to set aside a verdict, however, involves the exercise of the trial court's broad discretion, which in the absence of a clear abuse will not be disturbed." *Gold* v. *University of Bridgeport School of Law*, 19 Conn. App. 379, 381, 562 A.2d 570, cert. denied, 213 Conn. 801, 567 A.2d 832 (1989).

I

In her first claim, the plaintiff asserts that the trial court improperly exercised its discretion when it denied her motion to set aside the verdicts. On the basis of the pleadings as to both sets of defendants and because the jury returned general verdicts, we disagree.

## A

The plaintiff claims that the trial court improperly exercised its discretion with respect to her motion to set aside the verdict as to Moomey. We do not agree.

"The general verdict rule provides that, where a jury returns a general verdict in favor of a party, and no party submits special interrogatories, an appellate court properly presumes that the jury found in favor of the prevailing party on every issue. . . . The rule applies whenever a verdict for one party could reasonably be rendered on one or more . . . distinct defenses." (Citations omitted; internal quotation marks omitted.) *O'Brikis* v. *Supermarkets General Corp.*, 34 Conn. App. 148, 151, 640 A.2d 165 (1994).

"In *Curry* v. *Burns*, [225 Conn. 782, 801, 626 A.2d 719 (1993)], our Supreme Court limited the application of the general verdict rule to five categories: '(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3)denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) *denial of a complaint and pleading of a special defense*; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded.' " (Emphasis in original.) *O'Brikis* v. *Supermarkets General Corp.*, supra, 34 Conn. App. 151–52.

With respect to Moomey, this case falls within the fourth category, the denial of a complaint and pleading of a special defense.[3] In her answer, Moomey denied the plaintiff's allegations and, at trial, asserted the special defense of sudden emergency, which the plaintiff subsequently denied. The jury could have reached its general

---

[3] The general verdict rule was not raised or briefed by Moomey. We raised the issue during oral argument.

verdict in favor of Moomey on the ground either that the plaintiff failed to prove her prima facie cause of action or that Moomey proved her special defense of sudden emergency. In any event, because neither party filed interrogatories, we must presume that the jury found every issue in favor of Moomey.

"The general verdict rule operates to prevent an appellate court from disturbing a verdict that may have been reached under a cloud of error, but is nonetheless valid because the jury may have taken an untainted route in reaching its verdict." *Sady* v. *Liberty Mutual Ins. Co.*, 29 Conn. App. 552, 558, 616 A.2d 819 (1992). "Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall." (Internal quotation marks omitted.) *Sheridan* v. *Desmond*, 45 Conn. App. 686, 689, 697 A.2d 1162 (1997).

The plaintiff claims that the evidence presented does not support the jury's finding that Moomey was not negligent. Our review of the evidence demonstrates that the case was well controverted. The plaintiff makes no challenge to the trial court's instructions to the jury on either common-law negligence or negligence per se. In her brief, the plaintiff concedes that there is no way to know to what extent, if any, the jury considered the common-law claims of negligence. That the plaintiff does not like the conclusion reached by the jury is not sufficient to upset the verdict as the jury is the arbiter of the facts of the case.

The plaintiff's challenge to Moomey's special defense of sudden emergency consists of one sentence stating there is insufficient evidence to prove the special defense. " 'Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by

this court.' " *Burke* v. *Avitabile*, 32 Conn. App. 765, 772, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993); *Wright* v. *Hutt*, 50 Conn. App. 439, 718 A.2d 969, cert. denied, 247 Conn. 939, 723 A.2d 320 (1998). We need not, therefore, review the plaintiff's claim with regard to the special defense. Because the plaintiff was not successful in challenging either ground of the jury's general verdict, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict as to Moomey.

B

The plaintiff also claims that the trial court improperly exercised its discretion in denying her motion to set aside the verdict as to the Grymkowskis because both her pleadings and the charge to the jury included common-law negligence and negligence per se as bases of liability. To support her claim, the plaintiff points to allegedly uncontroverted evidence that Gary Grymkowski was speeding, and claims that that evidence supports both legal theories of liability. This claim lacks merit.

"In determining whether a verdict should be set aside, the court is obligated first to review the evidence giving it a construction most favorable to sustaining the jury's verdict. . . . In addition, the trial court's refusal to disturb the jury verdict is entitled to great weight, and every reasonable presumption should be given in favor of its correctness. . . . In reviewing this issue, our sole responsibility is to decide whether, on the evidence presented, the jury could fairly reach the conclusion they did." (Citations omitted; internal quotation marks omitted.) *Lester* v. *Resort Camplands International, Inc.*, 27 Conn. App. 59, 68–69, 605 A.2d 550 (1992). "It is the province of the jury to weigh the evidence and determine the credibility and the effect of testimony; and we must decide the question whether on the evidence presented, the jury could have fairly reached

[its] verdict . . . ." (Internal quotation marks omitted.) *New London Federal Savings Bank* v. *Tucciarone,* supra, 48 Conn. App. 99.

To prove a claim of negligence, the plaintiff must prove by a preponderance of the evidence each of the elements: duty, breach, proximate cause and damages. See *Santopietro* v. *New Haven,* 239 Conn. 207, 225, 682 A.2d 106 (1996). Our review of the trial transcript reveals that the evidence on all of the elements of negligence was controverted. Jurors are the arbiters of fact, including credibility. They are free to believe all, some or none of a witness' testimony. In the absence of interrogatories that explain a jury's verdict, we will not disturb the verdict where the record reveals that the factual issues were in dispute. The trial court, therefore, properly refused to set aside the verdict as to the Grymkowskis.

## II

The plaintiff's second claim is that the trial court improperly accepted the verdict without having the entire verdict read into the record. This claim has nothing to do with the theory on which the jury reached its verdict. Review of this claim, therefore, is not precluded by the general verdict rule. See *Small* v. *Stop & Shop Cos.,* 42 Conn. App. 660, 663, 680 A.2d 344 (1996) (court reviewed claim of judicial bias despite fact that general verdict rule precluded other issues from being reached).

Two general verdict forms, signed by the foreperson, were returned by the jury in favor of the defendants. The plaintiff claims impropriety in the trial court's failure to read a handwritten notation on the verdict form which stated: "We the jury find Ms. Moomey innocent," signed by the foreperson. A similar notation concerning the Grymkowskis was made on the general verdict form in their case and the plaintiff makes the same claim. After the jury indicated that it had reached a verdict and returned to the courtroom, the roll call was taken and

the jurors were asked if they had agreed on a verdict. After an affirmative answer was given, the clerk read the preprinted verdict form as to Moomey twice, the verdict was accepted, read again and recorded. The trial court then discharged the jurors. When the trial court realized it had neglected to read the verdict form as to the Grymkowskis, it reconvened the jury and repeated the process.[4] The plaintiff claims that (1) the trial court improperly accepted the verdicts without having everything on the verdict forms read, i.e., the handwritten as well as the preprinted words; (2) by writing the word *innocent* on the verdict forms, the jury indicated it was confused as to its function and the burden of proof required in a civil action; and (3) the trial court abused its discretion when it determined the handwritten words to be surplusage.[5]

The plaintiff cites *Ferris* v. *Hotel Pick Arms, Inc.*, 147 Conn. 72, 157 A.2d 106 (1959), in support of her position. *Ferris* is distinguishable from this case and, therefore, the plaintiff's reliance in misplaced. In *Ferris*, there were both individual and corporate defendants. The jury returned two different verdict forms. In one, the jury found against the individual defendants and awarded damages in the sum of $7500, while finding for the corporate defendants. In the second form, however, the jury found in favor of the plaintiff against the corporate defendants in the amount of $7500, while finding all the issues in favor of the individual defendants. The *Ferris* court focused its analysis on whether it could ascertain what the jury intended by its verdict because "[w]e have sustained verdicts where they were incorrect as to form or contained irrelevant material

---

[4] The plaintiff makes no claim of impropriety as to this process.

[5] Surplusage is defined as: "Extraneous, impertinent, superfluous, or unnecessary matter. Matter in any instrument which is unnecessary to its meaning and does not affect its validity . . . ." Black's Law Dictionary (6th Ed. 1990).

but clearly manifested the intent of the jury. *Kilduff* v. *Kalinowski*, 136 Conn. 405, 409, 71 A.2d 593 [1950]; *Oneker* v. *Liggett Drug Co.*, 124 Conn. 83, 87, 197 A. 887 [1938]; *Watertown Ecclesiastical Society's Appeal*, [46 Conn. 230, 232 (1878)]; but see *Roberti* v. *Atwater*, 42 Conn. 266, 270 [1875]." *Ferris* v. *Hotel Pick Arms, Inc.*, supra, 75–76.

Unlike the verdicts in the *Ferris* case, the two verdicts in this case are consistent with each other and not inconsistent with the preprinted general verdict language. The plaintiff's claim that the words handwritten on the verdict forms indicate that the jury was confused with respect to the applicable burden of proof[6] is a strained interpretation of the situation. The handwritten words are easily susceptible of the meaning that the jury was simply reinforcing its findings in favor of the defendants. The trial court was correct in finding that the handwritten words were irrelevant and mere surplusage. See *Larsen Chelsey Realty Co.* v. *Larsen*, 232 Conn. 480, 517, 656 A.2d 1009 (1995). We, therefore, conclude that the trial court properly exercised its discretion in not reading the handwritten words on the verdict forms and in refusing to set aside the verdicts.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] The plaintiff contends that the jury's use of the word *innocent* indicates that the jury may have considered a "beyond a reasonable doubt" burden of proof. The parties agree that the trial court did not charge on the "beyond a reasonable doubt" burden and properly instructed the jury on the applicable "preponderance of the evidence" burden of proof. "A jury is presumed to follow the instructions it is given. See *Eisenbach* v. *Downey*, 45 Conn. App. 165, 181, 694 A.2d 1376, cert. denied, 241 Conn. 926, 696 A.2d 1264 (1997). Therefore, in the absence of evidence to the contrary; see *State* v. *Sivri*, 46 Conn. App. 578, 583, 700 A.2d 96, cert. denied, 243 Conn. 938, 702 A.2d 644 (1997); we must presume that the jury followed the trial court's instructions . . . ." *New London Federal Savings Bank* v. *Tucciarone*, supra, 48 Conn. App. 98.