[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF' S MOTIONS TO SET ASIDE VERDICT AND FOR JUDGMENT NOTWITHSTANDING THE VERDICT
The jury returned a verdict for the defendant in this motor vehicle accident case after trial. The plaintiff has filed a motion to set aside the verdict claiming it is "contrary to law and contrary to the evidence" and a motion for judgment notwithstanding the verdict. The defendant has filed objections to both of said motions.
The plaintiff's argument and memorandum of law relies on the claim that the defendant admitted to violating Connecticut General statutes § 14-80h and that the jury disregarded the court' s instructions concerning a statutory violation being negligence per se when it rendered a verdict in favor of the defendant.
On examination by the plaintiff, the defendant, Tepeka Long, testified when asked if "she knew it was illegal to ride in a vehicle with unsafe brakes." The defendant stated "they were safe before the accident. So I had no problems with them before the accident. I have driven my car since I bought the car and no problems, as I said. Before the accident I've driven the car and have no problems." Plaintiff's counsel then asked "the only time you had problems with your brakes was when you were sliding into the back of my client s vehicle" and the defendant answered "Yes". Plaintiff's counsel again asked — "that's the only time you had problems with your brakes?" and the defendant again answered "yes". On examination by her own counsel, the defendant was asked "if when leaving the store just prior to the accident, did you know your brakes were not working properly?" The defendant replied "no." And when asked "would you have driven your car if your brakes weren't working properly?' She again answered "no." The defendant further testified that it was raining the night of the accident, the roads were wet and that she was wearing her glasses. "She noticed the light was red. I pressed on my brakes; my car just kept going. It slid into the rear of Ms Bitsanis' car." When asked were you going too fast, she answered "no". When asked to describe the force of the impact CT Page 1642 on a scale of one to ten, the defendant answered "I'd say a one or two." "More of a bump than a jolt? And she answered "yes." Was there any damage to your car? and she answered "no" and when asked did you see any damage to the plaintiff s car, she again answered "no". As the defendant states in her brief the jury could have reasonably believed that were it not for the wet road, the defendant would have been able to come to a complete and safe stop prior to colliding with the plaintiff. The defendant claims that if the jury believed that, "it is also reasonable to believe that the jury felt the defendant was not negligent in any way." Defense counsel concluded his examination by asking the defendant if she felt that "before you applied your brakes did you feel like you had enough time to stop safely before the plaintiff's car" and she replied "yes, I did". "Were you surprised that you started to slide?" Defendant responded "yes". When asked by plaintiff's counsel concerning the impact being a one or two on a scale of ten, the defendant responded "yes, cause I wasn't going fast."
The defendant also introduced defendant's exhibit A which was a photograph of the rear of the plaintiff's motor vehicle taken after the accident and described by defendant's counsel to be in show room condition without a mark on it. Defendant's Exhibit C, the police report, contained a statement by the Police Officer that "No damages were observed on either vehicle."
There were no exceptions taken by counsel to the court's charge in this matter. The court also charged on proximate cause, credibility of witnesses, burden of proof, evidence, fair preponderance of the evidence, common law and statutory negligence and damages. The court found the jury to be alert, attentive and conscientious in their duties.
Based upon the foregoing, the court does not find and can not agree with the plaintiff's contention that the defendant admitted to a violation of Connecticut General Statute § 14-80(h), or any other of the several allegations of negligence which the plaintiff alleged and on which the court charged. "The plaintiff makes no challenge to the trial court's instructions to the jury on the negligence which the plaintiff alleged." "That the plaintiff does not like the conclusion reached by the jury is not sufficient to upset the verdict as the jury is the arbiter of the facts of the case." "In determining whether a verdict should be set aside, the court is obligated first to review the evidence giving it a construction most favorable to sustaining the jury's CT Page 1643 verdict. Carano v. Moomey, 51 Conn. App. 382, 387-388 (1998).
The trial court may set aside a jury's verdict only if it finds that the jury could not reasonably and legally have reached their conclusion. Mulligan v. Rioux, 229 Conn. 716, 726 (1994). "The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion . . .McKee v. Erikson, 37 Conn. App. 146. See also Palomba v. Gray,208 Conn. 21, 25 (1988).
"The correctness of the trial court's denial of the motion to set aside the verdict must be tested by viewing the evidence in the light most favorable to sustaining the verdict." Chieffalo v.Norden Systems Inc., 49 Conn. App. 474, 480 (1998). CitingBartone v. Robert L. Day Co., 232 Conn. 527, 536 (1995).
This court saw the witnesses and heard the testimony.
The plaintiff's Motion to Set Aside the Verdict is denied. The plaintiff's Motion for Judgment Notwithstanding the Verdict is also denied.
______________________ BALLEN, J.