GLADSTONE, SCHWARTZ, BAROFF AND BLUM *v.*
SOOREN HOVHANNISSIAN
(AC 17431)

Landau, Sullivan and Kulawiz, Js.

Argued December 9, 1998—officially released May 4, 1999

*William S. Palmieri*, for the appellant (defendant).

*Carla Ottaviano*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. This is an appeal by the defendant, Sooren Hovhannissian, from the judgment of the trial court, rendered after a jury verdict in favor of the plaintiff on the plaintiff's complaint and the defendant's counterclaim.[1] On appeal, the defendant claims that the trial court improperly (1) determined that his counterclaim, which sounded in legal malpractice, could not be based in both contract and tort and (2) failed to charge the jury on the question of the continued existence of an attorney-client relationship. We affirm the judgment of the trial court.[2]

The following facts and procedural history are necessary for the resolution of this appeal. In 1991, the plain-

[1] The defendant noted at oral argument that this appeal is concerned only with the adverse decision on the counterclaim.

[2] In its brief, the plaintiff requests that this court, sua sponte, strike the facts contained in the defendant's brief because the defendant has failed to reference "any portion of the transcript or documents throughout the voluminous statement of the facts in his brief." While we do not in any way condone the defendant's deviation from the rules of practice, we nevertheless choose to review this particular matter as the plaintiff's brief presents adequate references to the relevant portions of the record. See *Nevers* v. *Van Zuilen*, 47 Conn. App. 46, 48 n.4, 700 A.2d 726 (1997); see also *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 20–21, 717 A.2d 77 (1998) (noting noncompliance with requirement in Practice Book § 67-4 (d) as to brief statement of standard of review but proceeding with review).

tiff commenced an action seeking payment for legal services performed on behalf of the defendant beginning in late 1987, early 1988. The defendant filed an answer, special defenses and an amended counterclaim. The operative counterclaim contained six counts alleging legal malpractice and a seventh count alleging a claim of abuse of process. In response, the plaintiff filed an answer denying the allegations in the counterclaim.[3] The plaintiff also pleaded special defenses to each count of the counterclaim based on the applicable statute of limitations,[4] to which the defendant subsequently responded with a general denial. During trial, the plaintiff moved for a directed verdict on the counterclaim. The trial court granted the plaintiff's motion and directed the verdict as to counts one, three, four, five, six and seven of the counterclaim.

The jury rendered general verdicts in favor of the plaintiff on the complaint and on count two of the counterclaim alleging legal malpractice, the only remaining count. The defendant filed a motion to set aside the verdict or, in the alternative, to grant a new trial, which was denied. The trial court rendered judgment for the plaintiff on the jury's verdict. This appeal followed.

I

Before we address the merits of the defendant's claims, we must first address the plaintiff's assertion that the general verdict rule applies in this case, preclud-

[3] The plaintiff denied all allegations contained in the counterclaim except that portion of paragraph two of the first count that alleged that the plaintiff represented the defendant in his sale of certain real property.

[4] Specifically, the plaintiff pleaded that the action was barred by General Statutes § 52-581. Section 52-581 (a) provides: "No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues."

ing appellate review of the defendant's claims. We are not persuaded.

"The general verdict rule provides that, where a jury returns a general verdict in favor of a party, and no party submits special interrogatories, an appellate court properly presumes that the jury found in favor of the prevailing party on every issue. . . . The rule applies whenever a verdict for one party could reasonably be rendered on one or more . . . distinct defenses. . . . *O'Brikis* v. *Supermarkets General Corp.*, 34 Conn. App. 148, 151, 640 A.2d 165 (1994)." (Internal quotation marks omitted.) *Carano* v. *Moomey*, 51 Conn. App. 382, 386, 721 A.2d 1240 (1998).

"In *Curry* v. *Burns*, [225 Conn. 782, 801, 626 A.2d 719 (1993)], our Supreme Court limited the application of the general verdict rule to five categories: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Internal quotation marks omitted.) *Carano* v. *Moomey*, supra, 51 Conn. App. 386.

The plaintiff argues that the general verdict rule applies in this case because the defendant filed a counterclaim and the plaintiff responded with a denial and special defenses, either of which could have been the basis for the jury's verdict as no interrogatories were submitted to the jury. At oral argument before this court, the defendant claims that the general verdict rule does not apply to cases, such as the present case, involving a single cause of action that is submitted to the jury. While we agree that the general verdict rule

does not apply, we do not agree with the reasons set forth by the defendant.

In the present case, the trial court concluded that count two of the counterclaim, which involved a cause of action arising out of the plaintiff's advice and preparation of documents made in connection with legal services provided in late 1987, early 1988, pursuant to an agreement with the defendant, was the only viable claim to submit to the jury. The court further concluded that count two involved an executed contract to provide legal services and, therefore, the six year statute of limitations[5] applied rather than the three year statute of limitations set out in the plaintiff's special defense. The court stated that "[t]herefore, there is no need for me to charge on the statute of limitations nor will there be need for interrogatories," presumably because the six year statute of limitations did not bar count two of the counterclaim.

Our review of the transcript in this matter reveals that neither party made any reference to the statute of limitations during closing arguments nor did the court instruct the jury on the statute of limitations special defense. It appears, therefore, that the statute of limitations could not have been a possible ground on which the jury reached its verdict. As such, the jury's verdict must have been based on a finding that the defendant failed to prove his prima facie case of legal malpractice. Accordingly, under the facts of this case, we do not apply the general verdict rule.

## II

We turn next to the defendant's claims on appeal. The defendant first claims that the trial court improperly

---

[5] General Statutes § 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

determined that the cause of action of legal malpractice may not sound in contract and in tort. We conclude that the record is inadequate for our review.

"It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061 [now § 60-5]; *Walton* v. *New Hartford*, 223 Conn. 155, [164–65], 612 A.2d 1153 (1992). Indeed, several rules of practice aim to facilitate the process by which an appealing party ensures the adequacy of the record. See Practice Book § 4051 [now § 66-5] (Rectification of Appeal, Articulation), § 4053 [now § 66-6] (Motion for Review—In General), § 4054 [now § 66-7] (Motion for Review—Review of Motion for Rectification of Appeal or Articulation). These rules foster the basic policy that an appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. *State* v. *Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992)." *State* v. *Rios*, 30 Conn. App. 712, 715–16, 622 A.2d 618 (1993). "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608–609, 710 A.2d 190 (1998).

On the basis of our review of the record before this court, we conclude that it is not clear that the trial court determined that the cause of action of legal malpractice could not sound in both contract and in tort.[6] It is

---

[6] The court's statements were, at best, ambiguous. The court appears to have stated that, under the circumstances of *this* case, the elements of a legal malpractice claim in contract or in tort were the same. Specifically, the court made the following statements during trial: "[Having read the law

axiomatic that we do not decide issues of law in a vacuum. To review an alleged impropriety by the trial court, we must have before us evidence that is the factual predicate for the legal issue that the appellant asks us to consider. See *Taylor* v. *American Thread Co.*, 200 Conn. 108, 110, 509 A.2d 512 (1986). The defendant's failure to file a motion for articulation to obtain an elucidation of the trial court's determination results in a record that is inadequate for our review. As such, we are left to surmise as to the conclusion reached by the trial court. Accordingly, we decline to review the defendant's claim.

### III

The defendant finally claims that the trial court improperly failed to charge the jury as to the continued existence of the attorney-client relationship. Specifically, the defendant claims that the statute of limitations for legal malpractice does not begin to run until the attorney-client relationship concludes. Furthermore, the defendant claims that because the determination of when the relationship concludes is fact specific, the issue should have been submitted to the jury rather than summarily dismissed by the trial court. We conclude that the defendant has not preserved this claim for our review.

---

on legal malpractice, it points] out that the element for malpractice claims whether contract or tort are almost the same. That there is really no distinction but if you put a claim in contract . . . and tort the court has often opted for the lower statute of limitation. So anyway . . . there is a six year statute [of limitations] that applies to contract claims, not [a] three year statute . . . . So, you haven't spelled out any differences between the claims. So, again, I don't see any harm that you have suffered by not presenting the tort claims to the jury. . . . Is not the obligation the same? Implied duty to competently represent . . . . In this case there's no distinction . . . except there's a longer statute of limitations for one claim as opposed to the other . . . . You gain nothing more by having the tort claim. At least you haven't told me you gain anything more."

It is well established that generally this court is not required to review claims that were not properly preserved in the trial court. Practice Book § 60-5;[7] *O'Shea* v. *Mignone*, 50 Conn. App. 577, 586–87, 719 A.2d 1176 (1998). Specifically, "[t]his court is not bound to review claims of error in jury instructions if the party raising the claim neither submitted a written request to charge nor excepted to the charge given by the trial court." *State* v. *Jones*, 39 Conn. App. 563, 566–67, 665 A.2d 910, cert. denied, 235 Conn. 931, 667 A.2d 800 (1995); Practice Book § 42-16.[8] Upon a review of the record before this court, we conclude that because the defendant failed to submit proposed jury instructions on this issue and never took an exception to the jury charge regarding this issue, the issue was not preserved, and we will not review it.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial . . . ."

[8] Practice Book § 42-16 provides: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of exception. The exception shall be taken out of the hearing of the jury."