[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this administrative appeal, the plaintiff seeks the reversal of the defendant Haddam Zoning Board of Appeals' (the "ZBA") decision which denied her application for a variance. In her application, she sought to partially convert an existing garage to residential use. For the reasons stated below, the court dismisses the appeal.
PROCEDURAL BACKGROUND
By appeal dated December 21, 1998, plaintiff challenged the ZBA's decision, rendered at its meeting held on November 30, 1998, to deny her application. Each party briefed the issues. Plaintiff raised the following contentions in her brief: (1) the ZBA abused its discretion by misconstruing the law and facts in the application; (2) the fact that the Town did not send a copy of the ZBA's decision to her by certified mail voids the decision; and (3) by not granting the variance, the ZBA deprived her of the value of her property and has therefore taken it. Oral argument was heard on October 19, 1999.
AGGRIEVEMENT
CT Page 15391
The court finds that the plaintiff, who was at all relevant times the owner of the property that was the subject of the ZBA's decision, is aggrieved by the decision and has standing to appeal. Conn. Gen. Stat. § 8-8 (a); Water Pollution ControlAuthority v. Keeney, 234 Conn. 488, 494 (1995); Walls v. Planning Zoning Commission, 176 Conn. 475, 477 (1979).
FACTS
The record reveals the following facts. Plaintiff owns real property located partially in the Town of Haddam and partially in the Town of Chester. She acquired the property, which consists of two parcels, containing approximately 1.25 or 1.52 acres[1]
and .42 acres, respectively, by deed dated June 3, 1997. Return of Record, Exhs. 2 (Site Plan) and 4 (Executor's Deed) (hereinafter "Exh. ___"). The parcels are separated by land owned by the State of Connecticut, which was formerly owned by a railroad. Exh. 2. The property is bisected by the Haddam/Chester town line, running east to west. To the west of the property is Rte. 154; to the east, the property is bounded by the Connecticut River. Id.
Located near to Rte. 154, on the smaller parcel, within the Town of Haddam, is an existing three bay garage. Application, Exh. 1. This garage was constructed in the 1950's, prior to the advent of zoning in Haddam. Plaintiff's Brief at 2, 5. The garage structure, located in an R-2A zone, which permits residential uses, does not conform to the setback regulations, which require a front setback of 40 feet and a rear setback of 30 feet. Plaintiff's Brief at 1; Exh. 16, Town of Haddam Zoning Regulations, § 6.1 a, Table 1.
Plaintiff seeks to renovate the garage in order to create a one bedroom dwelling for her teenage sons, since "the existing dwelling on the other parcel is very modest in size and not adequate for the entire family." Plaintiff's Brief at 2. Further, plaintiff claims that the structure's "location on the lot . . . creates a unique condition. Said location, combined with the imposition of the setback regulations, makes it virtually impossible for her to do anything with this lot without a variance." Id. at 5.
Plaintiff applied to the ZBA for variances from the setback requirements. Application, Exh. 1. At the hearing before the ZBA, plaintiff reported that she had reached agreement with her CT Page 15392 neighbor to the north to the effect that three restrictions would be imposed on the property if the variances were obtained: (1) the parcels could not be sold as separate lots; (2) no more than two persons would be permitted to occupy the renovated structure; and (3) the property had to be occupied by family or household members. Transcript of Public Hearing, Exh. 14, at 7-8.
The ZBA voted three to two in favor of the requested variances. Pursuant to Conn. Gen. Stat. § 8-7, the motion to approve the application failed since four members of the ZBA did not vote in favor of it.
Notice of the decision was published in The Hartford Courant
on December 7, 1998. Exh. 12. Notice was also sent to plaintiff by the ZBA on December 9, 1998. Exh. 11. She was advised that her "application was denied because the motion to approve failed." Id. It is undisputed that the latter notice was sent by regular, not certified, mail. This appeal ensued.
STANDARD OF REVIEW
On an appeal from a zoning board's decision to grant or deny a variance, the court must decide whether the board's act was arbitrary, illegal or an abuse of discretion. Bloom v. Z.B.A.,233 Conn. 198, 206 (1995) ("Bloom"). In applying the law to the facts of a particular case, the board is endowed with a liberal discretion. Double I Limited Partnership v. Planning ZoningCommission, 218 Conn. 65, 72 (1991). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . ." Bloom, 233 Conn. at 206 (quoting Whitaker v.Z.B.A., 179 Conn. 650, 654 (1980)). "The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings." Conettav. Z.B.A., 42 Conn. App. 133, 138 (1996). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Bloom, 233 Conn. at 206.
DISCUSSION
The court will address the issues in the order in which they are presented in plaintiffs brief.
I. The Board Did Not Act Arbitrarily or Illegally, Nor Did ItCT Page 15393Abuse Its Discretion
A. Hardship
For a variance to be granted by a zoning board of appeals under Conn. Gen. Stat. § 8-6 (3), an applicant must show that literal enforcement of the "laws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . ." Noting that the smaller parcel at its widest point is 75.76 feet, plaintiff asserts that there is no place on it on which a structure could be placed without requiring a variance. Plaintiff's Brief at 2. Plaintiff argues that application of the setback regulations "created a unique hardship on this parcel given its size and shape." Id.
In support of this contention, plaintiff cites Stillman v.Z.B.A., 25 Conn. App. 631, 636-637 (1991), cert. denied,220 Conn. 923 (1991) ("Stillman"), where hardship was premised on the locations of a well and septic system and the size of the lot. The Appellate Court noted that:
 [t]he placement of these improvements prevents Morgan from building an addition to her home anywhere except on the east side, which is prohibited by the setback requirement. These unique conditions make the setback regulation exceptionally burden-some. . . .
Id. Further, the court noted that these conditions were not personal to the owner and would exist no matter who owned the lot. Id. at 637. Finally, the court found that the hardship was not self-created since it predated the imposition of zoning. Id.
Here, plaintiff asserts, without dispute, that the garage structure placed on her property also pre-dated zoning in Haddam and the situation was not self-created, as the conditions existed when she bought the property in 1997. Plaintiff's Brief at 5. Further, she asserts that, due to the unusual shape of the smaller parcel, she can derive no benefit from it without a variance, noting that "the subject parcel is above and approximately eighty-four feet away from the parcel with the dwelling," and cannot be used for a lawn or to provide a view. Id. at 6.
The holding in Stillman has been distinguished and questioned by our Supreme Court in Bloom v. Z.B.A., 233 Conn. 198, 210, n. 13 CT Page 15394 (1995) ("Bloom"). First, the court noted that, in Stillman, there were permanent structures on the undersized lot that prevented construction of a proposed addition at any location other than within the setback; since construction was possible only within the setback, Stillman concluded that the applicant was entitled to a variance. In Bloom, the owners presented no evidence that the renovations "could only be accomplished within the front setback." Id. Second, the Supreme Court noted that "the fact that an owner is prohibited from adding new structures to the property does not constitute a legally cognizable hardship. " Id. at 210-211. Finally, the court stated, "[a]lthough we distinguish Stillman
from this case, we do not necessarily endorse its holding." Id. at 211.
Subsequently, the Appellate Court elaborated on the law concerning hardships in Jaser v. Z. B. A., 43 Conn. App. 545
(1996) ("Jaser"). There, the applicant described the claimed hardship: "`the front yard setback requirement makes lot unbuildable because of the unusual shape of the building area restricted by tidal wetlands.'" Id. at 546. Noting that "the power to grant a variance should be sparingly exercised," citingKrejpcio v. Z.B.A., 152 Conn. 657, 662 (1965), the court found that since a house, even though not the type the plaintiffs desired, could have been built on the lot while conforming to the setback requirements, no hardship was shown. Jaser, at 548.
Variances are to be granted only in "exceptional instances."Pleasant View Farms Dev. v. Z.B.A., 218 Conn. 265, 271 (1991). If boards and courts proceed otherwise," `the whole fabric of town and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting the property values and securing the orderly development of the community is completely thwarted.'" Id. At 270-271 (quoting Gregorio v. Z.B.A.,155 Conn. 422, 427 (1967)). That it would be to an applicant's "financial advantage to secure the variance does not warrant a relaxation of the zoning regulations on the ground of practical difficulty or unnecessary hardship. " Krejpcio v. Z.B.A., 152 Conn. 657, 662
(1965).
Here, as in Bloom, the owner has shown that her building is located on an irregularly shaped lot. Id., 233 Conn. At 210. This fact, coupled with the owner's understandable preference for renovating the garage structure, does not amount a legally cognizable hardship. The existing three bay garage is located on a parcel abutting a highway. The court is unpersuaded that plaintiff can derive no benefit from the subject parcel absent a CT Page 15395 variance. Plaintiff has failed to sustain her burden of proof as to hardship. Substantial evidence supports the ZBA's decision. It did not act illegally or arbitrarily, nor did it abuse its discretion.
B. Prejudice
Within her argument that the ZBA abused its discretion, plaintiff claims that a board member, who voted against the application, did not understand it and was prejudiced against it. Plaintiff's Brief at 6-7. She quotes extensively from the transcript of the board's meeting, which followed the public hearing on the application. Using an expletive, the member stated, "The real question is do we want to create two houses on one _______ little lot." Id. at 7, transcript of ZBA meeting, Exh. 15 at 5 (expletive deleted). Plaintiff contends that since the member stated that the smaller parcel amounted to ".12 of an acre" (Exh. 15 at 4) and objected to "building a house on a tenth of an acre" (Id. at 12), he failed to understand that the smaller parcel amounts to .42 of an acre, and, taken together, the two parcels total 1.67 acres, which "would not constitute a small lot." Plaintiff's Brief at 7.
Plaintiff asserts that this member, who explained his vote by asserting there was no hardship, Exh. 15 at 5, 12-13, did not raise this point at the public hearing. Plaintiff's Brief at 7.
In summary, plaintiff contends the record shows that "at least one of the Board member's motives were not proper." Id. at 8.
As the Supreme Court has noted," `[t]he law does not require that members of zoning commissions must have no opinion concerning the proper development of their communities. It would be strange, indeed, if this were true.'" Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 555 (1989) ("Cioffoletti") (quoting Furtney v. Zoning Commission, 159 Conn. 585, 594
(1970)). An allegation of partiality or predisposition raises a question of fact and the burden of proving illegality is on the plaintiff. Woodburn v. Conservation Commission,37 Conn. App. 166, 175 (1995), cert. denied,233 Conn. 906 (1995) ("Woodburn").
Section 8-11 of the General Statutes requires that no member of a zoning board of appeals shall participate in a hearing or CT Page 15396 decision "upon any matter in which he is directly or indirectly interested in a personal or financial sense." Our Supreme Court has held that a "personal interest can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess." Anderson v. Zoning Commission,157 Conn. 285, 290-291 (1968). It is not every conceivable interest, "no matter how remote and speculative" which provides a basis for disqualification. Id. at 291. "If this were so, it would not only discourage but might even prevent capable men and women from serving as members of the various zoning authorities." Id.
In Cioffoletti, as in plaintiff's argument here, reliance was placed on comments made during public hearings and deliberations.209 Conn. at 555-556. The court found that since the comments relied upon "were all made during the hearings or in the discussion preceding the vote upon the application. . . . [t]hey do not, therefore, indicate any predisposition that would have disqualified these members before the hearing." Id. at 556.
As in Cioffoletti and in Woodburn, plaintiff here did not request that the board member or any other person testify in order to develop the claim. The member's stated concerns about building a residence on what he considered a small piece of property, although expressed in an unfortunate manner, do not appear to be based on some personal animus toward the plaintiff. Likewise, his expressions concerning building a house on ".12 of an acre" or "a tenth of an acre" do not appear to the court to evince an unfamiliarity with or a misunderstanding of the application. Rather, they appear to be an expression of a viewpoint utilizing hyperbole. Based on the record presented, plaintiff has failed to demonstrate the kind of partiality or predisposition which would have required the member's disqualification from the ZBA's consideration of her application.
II. The Failure to Send a Copy of the Decision to the Applicant by Certified Mail Does Not Void the Decision.
Plaintiff next contends that the decision is void since the Board did not send her as copy of it by certified mail. Plaintiffs Brief at 8. Conn. Gen. Stat. § 8-7 provides: "Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality CT Page 15397 and addressed by certified mail to any person who appeals to the board. . . ." Plaintiff asserts that this requirement is mandatory, since the court should presume that the legislature had a purpose for including the requirement in the statute. In support of this proposition, plaintiff cites Hyatt v. Z. B. A.,163 Conn. 379 (1972) ("Hyatt") and State v. Domian,35 Conn. App. 714 (1994), aff'd, 235 Conn. 679 (1996) ("Domian"). Here, plaintiff received notice of the decision by regular mail in sufficient time to file this appeal. Exh. 11; Plaintiff's Brief at 8 ("she almost missed the appeal period.").
As the Supreme Court repeatedly has said, in statutory interpretation, "common sense must be used." Sweetman v. StateElections Enforcement Commission, 249 Conn. 296, 306 (1999). In discussing the right of appeal, the Appellate Court has noted that the fundamental tenets of due process require that the prospective appellant must have either actual or constructive notice that a decision has been reached. Conaci v. HartfordHospital, 36 Conn. App. 298, 301-302 (1994).
In Hyatt, 163 Conn. at 387, the Supreme Court noted that § 8-7's requirement of publication was the "essence of the thing to be accomplished" (internal quotation marks omitted). Referring to § 8-28, the Supreme Court, in Akin v. Norwalk,163 Conn. 68, 73 (1972), stated that the purpose of publication was twofold: (1) to give notice to interested parties of the decision; and (2) to commence the start of the appeal period.
Here, notice by publication to interested parties is not at issue. Instead, adequate notice to the applicant is in question. In Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1,3-4 (1975), in an analogous context, concerning § 16-9 of the General Statutes and the then — Public Utilities Commission, the Supreme Court addressed a similar contention. § 16-9 provided that "[w]ritten notice of all orders, decisions or authorizations issued by the commission shall be given to the company or person affected thereby, by personal service upon such company or person or by registered or certifiedmail, as the department determines." (emphasis added). The court found that notice of the commission's decision was given by regular rather than certified mail and was actually received within the appeal period. Id. at 4. Under those circumstances, the court ruled that "[a]ny noncompliance with the provision providing for this notice would not invalidate the order." Id. at 4-5. In essence, the court applied the common sense approach. CT Page 15398 Even though, as noted in Domian, courts must presume a legislative purpose in each enactment, that purpose has been satisfied where, as was the case here, the applicant received timely, actual notice. Accordingly, the ZBA's decision is not voided as a result of its not sending the notice to plaintiff by certified mail.
Within this second issue, plaintiff also argues that the decision is void because the notice did not specify an adequate reason for the result. Plaintiff's Brief at 9-10. As set forth above, the notice specified that the application "was denied because the motion to approve failed." Exh. 11.
Plaintiff claims that the court cannot search the record to ascertain whether the grounds assigned by the ZBA for the decision are supported by the record since no grounds are stated except that the motion failed. "Where a zoning agency has stated its reasons for its actions, the court should determine only `whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . .'" Protect Hamden/North Haven From ExcessiveTraffic Pollution. Inc. v. Planning Zoning Commission,220 Conn. 527, 544 (1991) (citation omitted). However, this principle applies "where the agency has rendered a formal, official, collective statement of reasons for its actions." Id. Where there is no "formal, collective official statement of reasons," the court is obligated to "search the record for a basis upon which to uphold the commission's decision." Id. at 545. As the Appellate Court stated in Stankiewicz v. Z. B. A.,15 Conn. App. 729, 732 (1988), aff'd, 211 Conn. 76 (1989), "[i]f the board fails to give the reasons for its actions, or its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." In so doing, the court "may rely on any reason culled from the record which demonstrates a real or reasonable relationship with the general welfare of the community in concluding that the board's decision should be upheld." Id. at 733.
Local land use boards are composed of laymen "whose procedural expertise may not always comply with the multitudinous statutory mandates under which they operate. The case law requiring the trial court on appeal to search the record for the agency's reason for its decision is a practical and fair reaction to this scenario." Gagnon v. Inland Wetlands WatercoursesCT Page 15399Commission, 213 Conn. 604, 611 (1990). Even where the reason given is, as is the case here, "merely a conclusory statement and not a reason for denying" the application, the reviewing court must search the record for reasons to support the decision. Id. At 609.
While the ZBA's notice did not cite "lack of hardship" as the basis for its decision, a review of the record shows that to be the reason why two of its members voted against the application, causing it to fail. In addition to the references already made to the record above at 7, the court notes that one member stated, "It failed because it had no reason. There's no hardship. There's no reason to grant it." Exh. 15 at 12. When asked whether he felt the same way, the other member who opposed the application, answered, "Right." Id. at 13.
As discussed above, at 4-7, the record demonstrates that plaintiff did not establish a hardship which warranted the granting of a variance. Since evidence of "exceptional difficulty or unusual hardship" is a statutory requirement under Conn. Gen. Stat. § 8-6 (3), there is no doubt that the failure to prove such difficulty or hardship bears a "real or reasonable relationship with the general welfare of the community." As such, it provides a legally cognizable reason for the decision.
III. By Its Action the ZBA Did Not Take Plaintiff's Property
Plaintiff's final contention is that, by virtue of the decision, which declined to provide variances from the zoning regulations, her property has been rendered valueless. Plaintiff's Brief at 10. Citing Bauer v. Waste Management ofConnecticut, Inc., 234 Conn. 221 (1995) ("Bauer") and Archambaultv. Wadlow, 25 Conn. App. 375 (1991) ("Archambault"), she asserts that the ZBA's action constitutes an unconstitutional taking.
Bauer stated that a "practical confiscation occurs when a landowner is prevented from making any beneficial use of its land. . . . " 234 Conn. at 256. The court noted that such cases typically have concerned undeveloped land in its natural state. Id. at 255. If no regulation which finally restricts the use of property for any reasonable purpose amounting to "practical confiscation" is found, the determination of whether a taking has occurred
 must be made on the facts of each case with consideration being CT Page 15400 given not only to the degree of diminution in the value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner.
Id. at 256. The financial burden imposed by a regulation is measured "by the extent to which the regulation interferes with the property owner's reasonable investment-backed expectations of the use of the property." Id. at 257.
In Archambault, the court found that the denial of a variance amounted to a practical confiscation since the only use permitted in the zone at issue was for single-family homes. Id. at 383. When the board denied a variance to enable the applicants to build a single-family home with a six foot setback, it amounted to a practical confiscation because there were no alternative uses for the subject property. Id.
Here, in contrast, the property already had been put to beneficial use with the existing garage structure, which was present when the plaintiff purchased the property for consideration in 1997. Thus, it cannot be said that plaintiff has been deprived by the ZBA of the reasonable and proper use of the property. Stankiewicz v. Z.B.A., 15 Conn. App. 729, 735 (1988), aff'd, 211 Conn. 76 (1989); Manor Dev. Corp. v. ConservationCommission, 180 Conn. 692, 695 (1980). Plaintiff has not shown how the effect of the zoning regulations interferes with any investment-backed expectations she may have had. Likewise, there is no evidence in the record as to how the application of the zoning regulation may have had a diminishing effect on the value of the property. Dolan v. Z.B.A., 156 Conn. 426, 431 (1968). The court notes also that "a zoning regulation is entitled to a presumption of validity. . . ." Bauer, 234 Conn. at 258
(citations omitted).
In addition, the residential zone in question, which is discussed in Section 6 of the Town of Haddam Zoning Regulations, Exh. 16 at 20-26, permits various uses besides single family homes. Aside from the current valuable use to which the lot with the existing structure may be put, there may be other reasonable uses of the property from which the plaintiff can derive benefit.
Under the circumstances, the court finds that the ZBA's action has not rendered plaintiffs property valueless. Plaintiff has not sustained her burden to show that its decision amounted to a taking. CT Page 15401
CONCLUSION
Any other issues raised in plaintiffs appeal but which were not briefed are deemed abandoned. State v. James, 211 Conn. 555,588 (1989); Carano v. Moomey, 51 Conn. App. 382, 387 (1998).
Plaintiff has not sustained her burden to show that the board's act was arbitrary, illegal, or an abuse of discretion. The board's decision is hereby upheld and the appeal is dismissed.
So ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT