[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to the Practice Book § 11-12, the court granted the defendant, Cohen Wolf's motion to reargue their motion to strike counts twenty-eight, twenty-nine, thirty-two, forty-nine, fifty-two, ninety-nine, one hundred and twelve and one hundred and fifty-four of the plaintiff, Luba Hill's complaint. "[A] motion to strike challenges the legal sufficiency of a pleading. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000). The defendant sets forth specific grounds for striking each of the remaining counts and moves to strike all the remaining counts on the ground that they fail to state a claim upon which relief can be granted.
The defendant moves to strike count twenty. eight for misappropriation on the ground that the plaintiff fails to identify who committed the misappropriation and fails to allege damages. While the count has a caption stating misappropriation, the plaintiff has sufficiently alleged a claim for conversion. "Conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights." (Internal quotation CT Page 9901 marks omitted.) Wellington Systems, Inc. v. Redding Group, Inc.,49 Conn. App. 152, 169, 714 A.2d 21, cert. denied, 247 Conn. 905,720 A.2d 516 (1998). Here, in count twenty-eight, the plaintiff alleges that the defendant removed her money "to pay North West Mutual Life and Aetna insurance only on instructions of ex-husband." As such, the plaintiff has sufficiently alleged the defendant exercised ownership over her property to the exclusion of her rights. Moreover, it reasonably can be implied that the allegations refer to the defendant as it is the only defendant in the action. See Lombard v. Edward J. Peters, Jr., P.C.,
supra, 252 Conn. 626 ("`Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged.'") Accordingly, the court denies the motion to strike count twenty-eight.
The defendant moves to strike count twenty-nine for misappropriation on the same grounds as it moved to strike count twenty-eight. Here, the plaintiff does not allege that she was entitled to the money in the trust account. Consequently, the plaintiff has not sufficiently alleged a claim for conversion or misappropriation. Accordingly, the court grants the motion to strike count twenty-nine.
The defendant moves to strike count thirty-two for negligence on the ground that the plaintiff fails to allege duty, causation or damages. "To prove a claim of negligence, the plaintiff must prove by a preponderance of the evidence each of the elements: of duty, breach, proximate cause and damages." Carano v. Moomey, 51 Conn. App. 382, 389, 721 A.2d 1240
(1998). Here, the plaintiff has not alleged that the defendant's refusal to send her information caused her any damages. Accordingly, the court grants the motion to strike count thirty-two.
The defendant moves to strike count forty-nine for concealment and nondisclosure on the grounds the count does not identify who committed the actions, concealment and nondisclosure is not a cause of action and the count does not contain an allegation of damages. While the count has a caption for concealment and nondisclosure, the plaintiff has sufficiently alleged a claim for breach of a fiduciary duty. General Statutes § 45a-199 provides in relevant part: "`fiduciary' includes . . . a trustee . . .". "[A] breach of a fiduciary duty implicates a duty of loyalty and honesty." Beverly Hills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 57, 717 A.2d 724 (1998). Here, the plaintiff in paragraph eight of the complaint alleges that the defendant was her trustee.[1] The plaintiff further alleges in count forty-nine that the defendant refused to send her a complete accounting. Consequently, refusing to send a complete accounting impliedly could be a breach of the duty of loyalty and honesty. See Lombard v. Edward J.Peters, Jr., P.C., supra, 252 Conn. 626. Accordingly, the court denies the motion to strike count forty-nine. CT Page 9902
The defendant moves to strike count fifty-two for concealment and nondisclosure on the same grounds as it moved to strike count forty-nine. The defendant further moves to strike count fifty-two on the ground it is repetitive of count forty-nine. As previously stated with respect to count forty-nine, the plaintiff has sufficiently alleged that the plaintiff owed her a fiduciary duty. In count fifty-two, the plaintiff alleges the defendant refused to send her a complete accounting, and a refusal to send a complete accounting impliedly could be a breach of the duty of loyalty and honesty. See Lombard v. Edward J.Peters, Jr., P.C., supra, 252 Conn. 626. Moreover, "[a] request to revise, and not a motion to strike, is the proper procedural device for deletion of duplicative pleadings." Atlas Construction Co. v. AmityRegional School District No. 5, Superior Court, judicial district of New Haven, Docket No. 405442 (March 25, 1999, Moran, J.). Accordingly, the court denies the motion to strike count fifty-two.
The defendant moves to strike the ninety-ninth count and the one hundred and twelfth count on the grounds that no civil cause of action for perjury exists, that the counts do not allege who committed the perjury and that the counts do not sufficiently state a claim for fraud. "There is, of course, no really effective civil remedy against perjurers . . .". (Internal quotation marks omitted.) Petyan v. Ellis, 200 Conn. 243,251, 510 A.2d 1337 (1986). Consequently, the plaintiff cannot maintain an action for perjury against the defendant. Additionally, "[t]he essential elements of a cause of action in fraud are: (I) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon the false representation to his injury." Citino v. Redevelopment Agency, 51 Conn. App. 262, 275,721 A.2d 1197 (1998). Here, the plaintiff has not sufficiently stated an action for fraud because she did not allege that she relied on the false statement to her detriment in either the ninety-ninth count or the one hundred and twelfth count. Accordingly, the court grants the motion to strike the ninety-ninth count and the one hundred and twelfth count.
The defendant moves to strike the one hundred and fifty-fourth count on the grounds that the count does not state who committed the action and that the count does not sufficiently state a claim for recklessness. "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man . . .". (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,614, 539 A.2d 108 (1988). Here, the plaintiff does not allege that the defendant knew or should have known the substantial risk of refusing the plaintiff an update of the records. Accordingly, the court grants the CT Page 9903 motion to strike the one hundred and fifty-fourth count.
In summary, the court denies the motion to strike counts twenty-eight, forty-nine and fifty-two and grants the motion to strike counts twenty-nine, thirty-two, ninety-nine, one hundred and twelve and one hundred and fifty four.
So Ordered.
D'ANDREA, J.