[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE THE DEFENDANT'S VERDICT
The plaintiff seeks to have this court set aside the verdict. The case went to a jury verdict for defendant on December 18, 2001. Upon a review of the briefs and oral arguments and some of the transcript, the court is constrained to say that the verdict must be allowed to stand.
The court was personally surprised by the verdict. However, the standard by which such matters return for a court's pronouncement do not create, in the person of the court, a seventh, super-juror.
As a result, for three reasons, the verdict must be permitted to stand.
There was abundant evidence upon which a verdict for plaintiff would be well-founded and invulnerable to attack. Much the slimmer for defendant's exoneration existed, but it may suffice in a given instance. To reverse this verdict would call into question the sincerity or seriousness of the CT Page 7566 traditional civil charge which tells our fact-finders that they may reject the entirety of a person's testimony if it is concluded that part of it constituted an effort to deceive. Coupled with defendant's somewhat lame insistence of faultless driving, the above phenomenon cannot be ruled out as a moving factor in the jury's verdict. of course, the charge referenced was not challenged, nor should it have been.
Secondly, the court has searched the briefs and examined the final argument transcript of defense counsel in order to determine whether some frank even if minimal concession was made as to liability. None was found. The presence of such an acknowledgment might well undercut the notions set out in the first rationale, above, but none exist.
Finally, the matter was strenuously contested on both liability and damages. One may never know whether a rejection of plaintiff's liability and damage claim was really a rejection solely or primarily of the damages claim. Neither party urged steps to have the court "smoke out" this prospect. E.g., no one requested that the court advise the jury to award a nominal sum if the plaintiff prevailed upon liability but failed as to harm wrought.
Our law is replete with references to the "general verdict A rule" and it applies here. ". . . [W]hen a jury returns a general verdict in favor of a party, and no party submits special interrogatories, an appellate court properly presumes that the jury found in favor of the prevailing party on every issue. . . ." Gladstone, Schwartz, Baroff Blum v.Hovhannissian, 53 Conn. App. 122 (1999).
Plaintiff's motion must be denied.
 ___________________ Nadeau, J.
CT Page 7567